1  HOWARD KOLLITZ (State Bar No. 059611)
   *hkollitz@dgdk.com*
2  STEVEN J. SCHWARTZ (State Bar No. 200586)
   *sschwartz@dgdk.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   1900 Avenue of the Stars, 11th Floor
4  Los Angeles, California 90067-4402
   Telephone:   (310) 277-0077
5  Facsimile:   (310) 277-5735

6  Attorneys for Defendant, Counterclaimant and
   Third-Party Plaintiff, Richard K. Diamond
7

8            **UNITED STATES BANKRUPTCY COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

12  In re                              Case No. 2:11-bk-30426-BR

13  SMB GROUP, INC.,                   Chapter 7

14           Debtor.

15  ─────────────────────────
    SMB GROUP, INC.,                   Adv. No. 2:13-ap-01020-BR
16
             Plaintiff,               **DIAMOND'S ANSWER TO**
17                                    **COMPLAINT; AND COUNTERCLAIMS**
        vs.                           **FOR MONEY DAMAGES BASED ON**
18                                    **FRAUD; NEGLIGENCE; AND ABUSE OF**
    RICHARD K. DIAMOND,               **PROCESS**
19
             Defendant.
20  ─────────────────────────
21  RICHARD K. DIAMOND,

22           Counterclaimant,

23      vs.                           Status Conference:

24  SMB GROUP, INC. debtor and debtor-in-   Date:   March 20, 2013
    possession,                              Time:   10:00 a.m.
25                                           Ctrm.:  1668
             Counter-defendant.
26

27

28

949684.4  8057                         1

RICHARD K. DIAMOND,

      Third-Party Plaintiff,

  vs.

IN CHUL SHIN, aka JEFF SHIN, an individual, UNION TRIM, INC.; USB GROUP, INC.; ALPHA SEWING MACHINE; and LAW OFFICES OF GENE W. CHOE, P.C.,

      Third-Party Defendants.

## ANSWER TO COMPLAINT

Richard K. Diamond, as Defendant herein and as former trustee (the "Defendant" or "Trustee") answers the Complaint filed on January 7, 2013 by SMB Group, Inc. ("Plaintiff" or "SMB") as follows:

1.    The Defendant lacks knowledge or information sufficient to form a belief about the identity of the Plaintiff, SMB Group, Inc., except to admit the Plaintiff purports to be a separate legal entity and the debtor and debtor in possession in the above-captioned Bankruptcy Case.

2.    The Defendant lacks knowledge or information sufficient to form a belief about whom the Plaintiff includes in his allegations as to all "agents, attorneys and others acting upon his instructions" and, on that basis, denies that the use of the word "Diamond" includes all of those described in Paragraph 2.

3.    The Defendant admits the allegations in Paragraph 3.

4.    The Defendant is the sole shareholder of Richard K. Diamond, A Professional Corporation ("RKD, APC"). RKD, APC is a partner in Danning, Gill, Diamond & Kollitz, LLP, a limited liability partnership composed of professional corporations. Except as alleged, Diamond denies the allegations of Paragraph 4.

5.    The Defendant admits the allegations in Paragraph 5.

6.    The Defendant admits the allegations in Paragraph 6.

7.    The Defendant admits the allegations in Paragraph 7.

1    8.    The Defendant admits the allegations in Paragraph 8.

2    9.    The Defendant lacks knowledge or information sufficient to form a belief about the

3    truth of the allegations in Paragraph 9 and, on that basis, denies the allegations therein.

4    10.    The Defendant lacks knowledge or information sufficient to form a belief about the

5    truth of the allegations in Paragraph 10 and, on that basis, denies the allegations therein.

6    11.    The Defendant lacks knowledge or information sufficient to form a belief about the

7    truth of the allegations in Paragraph 11 and, on that basis, denies the allegations therein.

8    12.    The Defendant lacks knowledge or information sufficient to form a belief about the

9    truth of the allegations in Paragraph 12 and, on that basis, denies the allegations therein.

10    13.    The Defendant lacks knowledge or information sufficient to form a belief about the

11    truth of the allegations in Paragraph 13 and, on that basis, denies the allegations therein.

12    14.    The Defendant lacks knowledge or information sufficient to form a belief about the

13    truth of the allegations in Paragraph 14 and, on that basis, denies the allegations therein.

14    15.    The Defendant lacks knowledge or information sufficient to form a belief about the

15    truth of the allegations in Paragraph 15 and, on that basis, denies the allegations therein.

16    16.    The Defendant lacks knowledge or information sufficient to form a belief about the

17    truth of the allegations in Paragraph 16 and, on that basis, denies the allegations therein.

18    17.    The Defendant lacks knowledge or information sufficient to form a belief about the

19    truth of the allegations in Paragraph 17 and, on that basis, denies the allegations therein.

20    18.    The Defendant lacks knowledge or information sufficient to form a belief about the

21    truth of the allegations in Paragraph 18 and, on that basis, denies the allegations therein.

22    19.    The Defendant lacks knowledge or information sufficient to form a belief about the

23    truth of the allegations in Paragraph 19 and, on that basis, denies the allegations therein.

24    20.    The Defendant lacks knowledge or information sufficient to form a belief about the

25    truth of the allegations in Paragraph 20 and, on that basis, denies the allegations therein.

26    21.    The Defendant lacks knowledge or information sufficient to form a belief about the

27    truth of the allegations in Paragraph 21 and, on that basis, denies the allegations therein.

28    22.    The Defendant admits the allegations in Paragraph 22.

23.    The Defendant alleges that Diamond, individually, never hired any agents in connection with the USB Group Case.  Except as so alleged, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and, on that basis, denies the allegations therein.

24.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and, on that basis, denies the allegations therein.

25.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and, on that basis, denies the allegations therein.

26.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and, on that basis, denies the allegations therein.

27.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and, on that basis, denies the allegations therein.

28.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and, on that basis, denies the allegations therein.

29.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and, on that basis, denies the allegations therein.

30.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and, on that basis, denies the allegations therein.

31.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and, on that basis, denies the allegations therein.

32.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, on that basis, denies the allegations therein.

33.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, on that basis, denies the allegations therein.

34.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and, on that basis, denies the allegations therein.

35.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and, on that basis, denies the allegations therein.

1        36.     The Defendant lacks knowledge or information sufficient to form a belief about the

2  truth of the allegations in Paragraph 36 and, on that basis, denies the allegations therein.

3        37.     The Defendant lacks knowledge or information sufficient to form a belief about the

4  truth of the allegations in Paragraph 37 and, on that basis, denies the allegations therein.

5        38.     The Defendant lacks knowledge or information sufficient to form a belief about the

6  truth of the allegations in Paragraph 38 and, on that basis, denies the allegations therein.

7        39.     The Defendant lacks knowledge or information sufficient to form a belief about the

8  truth of the allegations in Paragraph 39 and, on that basis, denies the allegations therein.

9        40.     The Defendant lacks knowledge or information sufficient to form a belief about the

10  truth of the allegations in Paragraph 40 and, on that basis, denies the allegations therein.

11        41.     The Defendant lacks knowledge or information sufficient to form a belief about the

12  truth of the allegations in Paragraph 41 and, on that basis, denies the allegations therein.

13        42.     The Defendant lacks knowledge or information sufficient to form a belief about the

14  truth of the allegations in Paragraph 42 and, on that basis, denies the allegations therein.

15        43.     The Defendant lacks knowledge or information sufficient to form a belief about the

16  truth of the allegations in Paragraph 43 and, on that basis, denies the allegations therein.

17        44.     The Defendant lacks knowledge or information sufficient to form a belief about the

18  truth of the allegations in Paragraph 44 and, on that basis, denies the allegations therein.

19        45.     The Defendant lacks knowledge or information sufficient to form a belief about the

20  truth of the allegations in Paragraph 45 and, on that basis, denies the allegations therein.

21        46.     The Defendant lacks knowledge or information sufficient to form a belief about the

22  truth of the allegations in Paragraph 46 and, on that basis, denies the allegations therein.

23        47.     The Defendant lacks knowledge or information sufficient to form a belief about the

24  truth of the allegations in Paragraph 47 and, on that basis, denies the allegations therein.

25        48.     The Defendant lacks knowledge or information sufficient to form a belief about the

26  truth of the allegations in Paragraph 48 and, on that basis, denies the allegations therein.

27        49.     The Defendant lacks knowledge or information sufficient to form a belief about the

28  truth of the allegations in Paragraph 49 and, on that basis, denies the allegations therein.

949684.4 8057

1    50.    The Defendant lacks knowledge or information sufficient to form a belief about the
2  truth of the allegations in Paragraph 50 and, on that basis, denies the allegations therein.

3    51.    The Defendant admits the allegations in Paragraph 51.

4    52.    The Defendant lacks knowledge or information sufficient to form a belief about the
5  truth of the allegations in Paragraph 52 and, on that basis, denies the allegations therein.

6    53.    The Defendant lacks knowledge or information sufficient to form a belief about the
7  truth of the allegations in Paragraph 53 and, on that basis, denies the allegations therein.

8    54.    The Defendant lacks knowledge or information sufficient to form a belief about the
9  truth of the allegations in Paragraph 54 and, on that basis, denies the allegations therein.

10                            **"FIRST CAUSE OF ACTION"**

11                                 **(CONVERSION)**

12    55.    Answering the allegations in Paragraph 55, the Defendant incorporates herein by
13  this reference all of his responses to Paragraphs 1 through 54, inclusive, of the Complaint as though
14  fully set forth herein.

15    56.    The Defendant lacks knowledge or information sufficient to form a belief about the
16  truth of the allegations in Paragraph 56 and, on that basis, denies the allegations therein.

17    57.    The Defendant lacks knowledge or information sufficient to form a belief about the
18  truth of the allegations in Paragraph 57 and, on that basis, denies the allegations therein.

19    58.    The Defendant denies the allegations in Paragraph 58.

20    59.    The Defendant denies the allegations in Paragraph 59.

21    60.    The Defendant denies the allegations in Paragraph 60.

22    61.    The Defendant denies the allegations in Paragraph 61.

23    62.    The Defendant denies the allegations in Paragraph 62.

24    63.    The Defendant denies the allegations in Paragraph 63.

25    64.    The Defendant denies the allegations in Paragraph 64.

26    65.    The Defendant denies the allegations in Paragraph 65.

27

28

949684.4  8057

## "SECOND CAUSE OF ACTION"

## (VIOLATION OF 11 U.S.C. § 362(a) – CONTEMPT)

66.    Answering the allegations in Paragraph 66, the Defendant incorporates herein by this reference all of his responses to Paragraphs 1 through 54, inclusive, of the Complaint as though fully set forth herein.

67.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and, on that basis, denies the allegations therein.

68.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and, on that basis, denies the allegations therein.

69.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and, on that basis, denies the allegations therein.

70.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and, on that basis, denies the allegations therein.

71.    The Defendant denies the allegations in Paragraph 71.

72.    The Defendant denies the allegations in Paragraph 72.

73.    The Defendant denies the allegations in Paragraph 73.

74.    The Defendant denies the allegations in Paragraph 74.

75.    The Defendant denies the allegations in Paragraph 75.

## "THIRD CAUSE OF ACTION"

## (VIOLATION OF 11 U.S.C. § 543)

76.    Answering the allegations in Paragraph 76, the Defendant incorporates herein by this reference all of his responses to Paragraphs 1 through 54, inclusive, of the Complaint as though fully set forth herein.

77.    The Defendant admits the allegations in Paragraph 77.

78.    The Defendant admits the allegations in Paragraph 78.

79.    The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and, on that basis, denies the allegations therein.

80.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and, on that basis, denies the allegations therein.

81.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and, on that basis, denies the allegations therein.

82.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and, on that basis, denies the allegations therein.

83.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and, on that basis, denies the allegations therein.

84.     The Defendant denies the allegations in Paragraph 84.

85.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and, on that basis, denies the allegations therein.

86.     The Defendant denies the allegations in Paragraph 86.

87.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and, on that basis, denies the allegations therein.

88.     The Defendant denies the allegations in Paragraph 88.

89.     The Defendant denies the allegations in Paragraph 89.

90.     The Defendant denies the allegations in Paragraph 90.

91.     The Defendant denies the allegations in Paragraph 91.

## **"FOURTH CAUSE OF ACTION"**

### **(VIOLATION OF 11 U.S.C. § 542)**

92.     Answering the allegations in Paragraph 92, the Defendant incorporates herein by this reference all of his responses to Paragraphs 1 through 54, inclusive, of the Complaint as though fully set forth herein.

93.     The Defendant admits the allegations in Paragraph 93.

94.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and, on that basis, denies the allegations therein.

95.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and, on that basis, denies the allegations therein.

1    96.    The Defendant lacks knowledge or information sufficient to form a belief about the

2    truth of the allegations in Paragraph 96 and, on that basis, denies the allegations therein.

3    97.    The Defendant lacks knowledge or information sufficient to form a belief about the

4    truth of the allegations in Paragraph 97 and, on that basis, denies the allegations therein.

5    98.    The Defendant denies the allegations in Paragraph 98.

6    99.    The Defendant lacks knowledge or information sufficient to form a belief about the

7    truth of the allegations in Paragraph 99 and, on that basis, denies the allegations therein.

8    100.    The Defendant denies the allegations in Paragraph 100.

9    101.    The Defendant denies the allegations in Paragraph 101.

10    102.    The Defendant denies the allegations in Paragraph 102.

11    103.    The Defendant denies the allegations in Paragraph 103.

12    104.    The Defendant denies the allegations in Paragraph 104.

13    ## FIRST AFFIRMATIVE DEFENSE

14    ## (FAILURE TO STATE A CLAIM)

15    105.    The Complaint and each and every claim for relief therein fail to state any claim

16    upon which any relief may be granted.

17    ## SECOND AFFIRMATIVE DEFENSE

18    ## (STATUTES OF LIMITATION)

19    106.    The Complaint and each and every claim therein are barred under applicable statutes

20    of limitations.

21    ## THIRD AFFIRMATIVE DEFENSE

22    ## (DERIVED JUDICIAL IMMUNITY)

23    107.    The Defendant, as an officer of the appointing court, is entitled to derived judicial

24    immunity from liability for actions carried out within the scope of his official duties as Trustee for

25    the purported legal entity USB and as the Trustee for the purported legal entity "Union Trim, Inc.,

26    dba USB Group, Inc., dba Alpha Sewing Machine, dba SMG Group, Inc., dba Union Trim" (jointly

27    and severally, "Union Trim"), Bankruptcy Case No. 2:11-bk-19513-BR (the "Union Trim Case").

28    The Defendant at all times acted properly within the course and scope of his authority and duties by

1   preserving the assets of Union Trim and USB and by preventing the unauthorized business

2   operations and potential dissipation of property of, or in the possession of, Union Trim and/or USB.

3                          **FOURTH AFFIRMATIVE DEFENSE**

4                                  **(ESTOPPEL)**

5           108.    Plaintiff's "first cause of action" for Conversion is barred by the doctrine of estoppel

6   since, among other reasons, in the Reply to the Opposition to the Motion for Order Holding

7   Richard Diamond in Contempt for Willful Violation of the Automatic Stay (Docket Entry No. 54 in

8   the SMB Bankruptcy Case at page 4, footnote 1), Plaintiff admits as follows: "Despite all of the

9   foregoing and to be VERY CLEAR, SMB DOES NOT COMPLAIN about Diamond's initial

10  seizure of its business.  Instead, SMB complains about Diamond's actions AFTER he was informed

11  that the assets he seized belonged to SMB and were NOT the property of 'his' estate."

12  Accordingly, Plaintiff should be estopped from now arguing that the Defendant's alleged actions

13  on March 18, 2011 were wrongful or caused damage to the Plaintiff.  In addition, Defendant

14  alleges, on information and belief, that USB, by and through its alleged principal In Chul Shin, aka

15  Jeff Shin ("Shin") and SMB's bankruptcy counsel David A. Tilem, filed, on April 18, 2011, an

16  "Emergency Motion for Order Converting Case to Chapter 11" thereby affirmatively and

17  voluntarily seeking the protection of the Bankruptcy Court.  Accordingly, Plaintiff should be

18  estopped from now arguing that the USB Bankruptcy Case was unauthorized or not ratified,

19  whether by Shin and/or an alleged Board of Directors or otherwise.

20                          **FIFTH AFFIRMATIVE DEFENSE**

21                                  **(WAIVER)**

22          109.    Plaintiff's "first cause of action" for Conversion is barred by the doctrine of waiver

23  since, among other reasons, in the Reply to the Opposition to the Motion for Order Holding

24  Richard Diamond in Contempt for Willful Violation of the Automatic Stay (Docket Entry No. 54 in

25  the SMB Bankruptcy Case at page 4, footnote 1), Plaintiff admits as follows:  "Despite all of the

26  foregoing and to be VERY CLEAR, SMB DOES NOT COMPLAIN about Diamond's initial

27  seizure of its business.  Instead, SMB complains about Diamond's actions AFTER he was informed

28  that the assets he seized belonged to SMB and were NOT the property of 'his' estate."

1   Accordingly, Plaintiff has waived any argument that the Defendant's alleged actions on March 18,

2   2011 were wrongful or caused damage to the Plaintiff.  In addition, Defendant alleges, on

3   information and belief, that USB, by and through its alleged principal Shin and SMB's bankruptcy

4   counsel David A. Tilem, filed, on April 18, 2011, an "Emergency Motion for Order Converting

5   Case to Chapter 11" thereby affirmatively and voluntarily seeking the protection of the Bankruptcy

6   Court.  Accordingly, Plaintiff has waived any argument that the USB Bankruptcy Case was

7   unauthorized or not ratified, whether by Shin and/or an alleged Board of Directors or otherwise.

8                           **SIXTH AFFIRMATIVE DEFENSE**

9                           **(PLAINTIFF'S MISCONDUCT)**

10          110.    Plaintiff's voluntary conduct pertaining to matters alleged in the Complaint was the

11  actual and proximate cause of the damages alleged in the Complaint, if any, and not any alleged

12  acts or omissions of the Defendant.

13                          **SEVENTH AFFIRMATIVE DEFENSE**

14                          **(PLAINTIFF'S NEGLIGENCE)**

15          111.    Plaintiff's conduct concerning the matters alleged in the Complaint constitutes

16  carelessness, negligence, misconduct, and/or bad faith on the part of Plaintiff, or Plaintiff otherwise

17  was at fault, and all resulting damages, if any, sustained by Plaintiff were proximately caused by

18  the conduct of Plaintiff including, without limitation, the failures to appear at meetings of creditors

19  under 11 U.S.C. § 341.

20                          **EIGHTH AFFIRMATIVE DEFENSE**

21                          **(CONDUCT OF THIRD PARTIES)**

22          112.    The conduct of other persons or entities concerning the matters alleged in the

23  Complaint whom Plaintiff has failed to name and sue as defendants in the Complaint was the actual

24  and proximate cause of any damages to Plaintiff alleged in the Complaint, if any, and not

25  attributable to any acts or omissions of the Defendant.

26

27

28

1

### NINTH AFFIRMATIVE DEFENSE

2

### (NEGLIGENCE OF THIRD PARTIES)

3    113.    The conduct of other persons or entities concerning the matters alleged in the

4  Complaint whom Plaintiff has not named or sued as defendants in the Complaint constitutes

5  carelessness, negligence, misconduct, and/or bad faith, or such persons or other entities were

6  otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused

7  and contributed to, in whole or in part, by the conduct of such persons or entities including, without

8  limitation, the failures to appear at meetings of creditors under 11 U.S.C. § 341.

9

### TENTH AFFIRMATIVE DEFENSE

10

### (GOOD FAITH)

11    114.    The conduct of the Defendant with respect to Plaintiff was justified, privileged, and

12  effected in good faith, without malice, spite, or conscious, reckless or negligent disregard of

13  Plaintiff's rights, if any, and without improper purpose or motive, maliciousness, or ill-will of any

14  kind. The conduct of the Defendant was within the reasonable expectations of the parties and was

15  reasonably related to the legitimate interests of the Defendant upon the basis of reasonable factors.

16  Consistent with the foregoing, the Defendant did not directly or indirectly perform or fail to

17  perform any acts which constitute a violation of any right, if any, of Plaintiff, or a violation of any

18  duty or obligation, if any, of Defendant owed to Plaintiff.

19

### ELEVENTH AFFIRMATIVE DEFENSE

20

### (BAD FAITH OF PLAINTIFF)

21    115.    The conduct of Plaintiff and/or its alleged principal Shin was in bad faith.  Such

22  conduct includes, but is not limited to, the following:

23         a.    Filing, on April 18, 2011, an "Emergency Motion for Order Converting Case

24  to Chapter 11" in the USB Case, thereby affirmatively and voluntarily seeking the protection of the

25  Bankruptcy Court in a Case which was unauthorized; and,

26         b.    When said motion was denied, filing the SMB Chapter 11 Bankruptcy Case

27  for improper and impermissible purposes and which Defendant alleges, on information and belief,

28  was filed by a sham corporation, without any prospects for reorganization and solely as a

949684.4  8057                                        12

1  sanctionable and unethical litigation tactic for the unlawful purpose of frustrating Defendant's

2  activities as the Trustee of both Union Trim and USB.

3  ## TWELFTH AFFIRMATIVE DEFENSE

4  ## (ILLEGALITY)

5  116.    The Defendant alleges that, on information and belief, all of the Plaintiff's alleged

6  business activities were, at all relevant times, conducted in violation of applicable laws, so that

7  Plaintiff is not entitled to pursue the litigation commenced by the Complaint.

8  ## THIRTEENTH AFFIRMATIVE DEFENSE

9  ## (INDEMNITY AND/OR CONTRIBUTION)

10  117.    If it is established that the Defendant is in any manner legally responsible for any of

11  the damages claimed by Plaintiff in the Complaint, the Defendant is entitled to indemnity or

12  contribution from third parties whom Plaintiff has failed to name and sue in the Complaint.

13  ## FOURTEENTH AFFIRMATIVE DEFENSE

14  ## (INDEMNITY AND/OR CONTRIBUTION)

15  118.    If it is established that the Defendant is in any manner legally responsible for any of

16  the damages claimed by Plaintiff in the Complaint, such damages were proximately caused by

17  other persons or entities not yet parties to this action and over whom the Defendant had and has no

18  control, so that Defendant is entitled to indemnity or contribution from these other parties in an

19  amount in direct proportion to the culpability of their conduct.

20  ## FIFTEENTH AFFIRMATIVE DEFENSE

21  ## (FRAUD)

22  119.    The allegations in the Complaint constitute a fraud on the Defendant and on this

23  Court being perpetrated by Plaintiff.

24  120.    The Defendant presently has insufficient knowledge and information on which to

25  form a belief as to whether he may have additional, as yet unstated, defenses available to him.  The

26  Defendant reserves herein the right to amend this Answer to assert additional defenses in the event

27  discovery indicates that such would be appropriate.

28

1

## COUNTERCLAIMS AGAINST PLAINTIFF

2

3      Richard K. Diamond ("Counterclaimant" or "Diamond") alleges as follows against SMB

4  Group, Inc. ("Counter-defendant" or "SMB"):[1]

5

6                    ## JURISDICTION AND VENUE

7      121.    This adversary proceeding ("this Action") arises in, and is related to the above-

8  captioned Bankruptcy Case (the "Bankruptcy Case") pending under Chapter 11 of the Bankruptcy

9  Code in the United States Bankruptcy Court for the Central District of California, Los Angeles

10 Division ("this Bankruptcy Court") for a purported separate legal entity identified as SMB, as

11 debtor and debtor in possession.

12      122.    This Court has jurisdiction over the subject matter of this action pursuant to 28

13 U.S.C. §§ 157 and 1334.

14      123.    This Action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and/or (O).

15 To the extent that this Bankruptcy Court may determine that any of the claims for relief alleged

16 herein are not core proceedings as defined by 28 U.S.C. § 157, Plaintiff hereby consents to the

17 entry of final orders or judgments by the Bankruptcy Court on any such claims for relief.

18      124.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

19

20                       ## THE PARTIES

21      125.    Counterclaimant is Richard K. Diamond, the former Chapter 7 Trustee of the

22 purported legal entity Union Trim, Inc., USB Group, Inc., Alpha Sewing Machine, SMG Group,

23 Inc., Union Trim (jointly and severally, "Union Trim") and the purportedly legal entity USB

24

25  ────────────

26 [1] Diamond makes the same allegations in his Third-Party Complaint filed concurrently herewith, against, *inter alia,* the following Third-Party Defendants:  In Chul Shin, aka Jeff Shin, an individual ("Shin"), USB Group, Inc. dba Alpha Sewing Machine, Union Trim, Inc., and Law

27 Offices of Gene W. Choe, P.C. ("Choe P.C.").

28

1  Group, Inc., Alpha Sewing Machine, aka In Chul Shin, aka Jeff Shin (jointly and severally,

2  "USB").

3        126.    Counter-defendant SMB purports to be a legal entity and the Chapter 11 Debtor and

4  Debtor in Possession in this Bankruptcy Case.

5        127.    Shin purports to be the principal and sole shareholder of Union Trim, USB and

6  SMB.

7        128.    Diamond is informed and believes, and based thereon, alleges that Shin is a resident

8  of Los Angeles, California.

9        129.    Diamond is informed and believes, and based thereon, alleges Choe P.C. is, and at

10  all times relevant to this Action purported to be, a separate legal entity in the form of a California

11  professional corporation organized and existing under the laws of the State of California as well as

12  doing business in the Central District of California.

13        130.    Diamond is informed and believes, and based thereon, alleges that Gene W. Choe,

14  the individual ("Gene"), filed a bankruptcy petition thereby commencing the case pending under

15  Chapter 7 of the Bankruptcy Code in this Bankruptcy Court, and as a result of the imposition of the

16  automatic stay in Gene's Bankruptcy Case, Gene is presently not named as a Third-Party

17  Defendant, although all allegations herein against Choe P.C. apply to Gene as well.

18        131.    Diamond is informed and believes and, based thereon, alleges that in doing things

19  and failing to do the things complained of herein, SMB, Union Trim, USB, Shin and/or Choe P.C.,

20  acted in concert with other parties, or with the assistance of other parties, each of whom are jointly

21  and severally liable together with SMB, Union Trim, USB, Shin and/or Choe P.C. to Diamond.

22  Diamond is presently unaware of the true names, capacities and activities of such other parties

23  whom, together with SMB, Union Trim, USB, Shin and/or Choe P.C., are referred to in these

24  Counterclaims and in the Third-Party Complaint filed concurrently herewith, jointly and severally,

25  as "Counter-defendants" or "Third-Party Defendants."  Diamond will amend these Counterclaims

26  and the concurrently filed Third-Party Complaint when the true names, capacities and activities of

27  such parties included among the Counter-defendants are ascertained.

28

132.   Diamond is informed and believes, and based thereon, alleges that SMB, Union Trim, USB and Shin are alter-egos of one another so that to recognize the separate existence of any, as distinct legal entities, would be inequitable and perpetrate a fraud upon Diamond and this Court.

133.   Diamond is informed and believes and, based thereon, alleges that Counter-defendants, in doing the things and not doing the things complained of herein, did so in furtherance of a fraudulent conspiracy among Counter-defendants with the objective of the conspiracy being to damage Diamond for the pecuniary gain of Counter-defendants as well as to conceal the fraudulent activities of Counter-defendants from Diamond.

134.   Diamond is informed and believes and, based thereon, alleges that, pursuant to such fraudulent conspiracy, Diamond was, in fact, defrauded and damaged and that the true facts involving such fraud and other wrongful activities of Counter-defendants were, at all relevant times, concealed by Counter-defendants from Diamond.

## GENERAL ALLEGATIONS OF COUNTERLAIMS

### Union Trim

135.   On March 4, 2011, Union Trim, purporting to be a separate legal entity, filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Union Trim Petition").

136.   The address listed on the Union Trim Petition was 2635 South Main Street, Suite A, Los Angeles, CA 90007.

137.   No schedules or statements of financial affairs were immediately filed (incomplete bankruptcy schedules were subsequently filed on March 18, 2011) and the Union Trim Petition, which was electronically filed, purported to be signed by Shin.

138.   An electronic filing Declaration purporting to bear Shin's signature and the signature of Union Trim's attorney, Gene, was filed with the Union Trim Petition, along with a Statement Regarding Authority to Sign and File Petition purporting to bear Shin's signature.

139.   Diamond was appointed as the interim Chapter 7 trustee in the Union Trim Case and, later, as the permanent trustee.

1    140.    On March 18, 2011, Union Trim filed bankruptcy schedules which listed among its

2    assets, "Sewing machines and Screws for Sewing Machines" at a purported market value of

3    "$100,000."

4    141.    One creditor was listed, "Soon Trim, Inc." as a disputed claim in an unknown

5    amount.

6    142.    On March 25, 2011, Union Trim filed a "Motion to Dismiss Bankruptcy Petition

7    Pursuant to 11 U.S.C. § 1112(B)" (the "Union Trim Motion to Dismiss").

8    143.    In support of the Union Trim Motion to Dismiss, Shin signed a declaration, under

9    penalty of perjury, stating that:

10    a.    "I am the Debtor who filed a Chapter 7 case on March 4, 2011."

11    b.    "I started SMB Group Inc., DBA Union Trim in 2010."

12    c.    "The business is currently inactive, but I intend to continue operating it."

13    d.    "There is only a single unsecured creditor."

14    e.    "I am currently represented by a civil attorney who is assisting me with

15    settling the claim by that creditor."

16    f.    "I believe that it is unnecessary at this point to continue in a Chapter 7.  My

17    creditor will benefit from a termination of the automatic stay to allow them to negotiate with me for

18    payment directly."

19    144.    On April 19, 2011, Diamond filed an opposition to the Union Trim Motion to

20    Dismiss.

21    145.    After a hearing held on May 3, 2011, the Court entered an Order denying the Union

22    Trim Motion to Dismiss, without prejudice, which Order was entered on May 12, 2011.

23    146.    On May 11, 2011, and pursuant to a stipulation, this Bankruptcy Court entered an

24    Order in the Union Trim Bankruptcy Case, allowing Golden Textile, Inc. ("Golden Textile") to

25    obtain materials that it had provided to Union Trim to "finish."

26    147.    Documents supplied by Golden Textile to Diamond established that Golden Textile

27    was doing business with Union Trim.

28

949684.4  8057                                                17

148.   On July 28, 2011, the Union Trim Case was dismissed because of the Debtor's failure to appear at the meeting of creditors under 11 U.S.C. § 341(a).

USB Group, Inc.

149.   On March 4, 2011, USB, purporting to be a separate legal entity, filed a voluntary petition under chapter 7 of the Bankruptcy Code.

150.   The address listed on the USB Petition was 2635 South Main Street, Suite B, Los Angeles, CA 90007.

151.   No schedules or statements of financial affairs were filed and the Petition, which was electronically filed, purported to be signed by Shin.

152.   An electronic filing Declaration purporting to bear Shin's signature and the signature of USB's attorney, Gene of Choe P.C., was filed with the petition.

153.   Diamond was appointed as the interim Chapter 7 Trustee in the USB Case and, later, as the permanent Trustee.

154.   On March 8, 2011, Diamond's administrator sent an e-mail to Gene of Choe P.C. inquiring whether there are any assets that he should be concerned about and when Gene anticipates filing bankruptcy schedules.  Diamond's administrator never received a response to such inquiry.

155.   On or about March 17, 2011, First Bank, a secured creditor of USB (the "Secured Creditor"), contacted Diamond and asserted that USB's business was continuing to be operated and that its collateral was being sold.

156.   On March 17, 2011, Diamond's administrator and Diamond each sent e-mails to Gene of Choe P.C. demanding that USB cease operations.

157.   On March 17, 2011, Gene of Choe P.C. responded with an e-mail as follows: "Richard I told my client to stop doing business already.  He has only 2 claims and my staff attorney Jason is actively seeking to settle those.  Anyway we will comply with your demand, don't worry."

158.   Notwithstanding these representations from Gene of Choe P.C., Diamond's instructions to cease operations were disregarded.

159.    On March 18, 2011, Diamond sent his field representative, Kenneth B. Roelke ("Roelke"), to the premises to close the business.  Diamond also hired 24 hour security.

160.    Roelke reported to Diamond that the property in the building appeared to be commingled such that it was impossible to ascertain which property might have been owned by USB or by Union Trim.

161.    On March 18, 2011 a Motion to Convert the Case to Chapter 11 was filed by Choe P.C. on behalf of USB (the "First USB Motion to Convert").

162.    On March 22, 2011, the Secured Creditor filed and served on Diamond its "Non-Consent to Use of Cash Collateral" which gave notice of "its lien and security interest in the Debtor's assets, including inventory, chattel paper, accounts, equipment and general intangibles (and proceeds of the foregoing) including without limitation the sewing machines and parts located at 2635 South Main Street, #B, Los Angeles, CA 90007."

163.    On March 25, 2011, the Secured Creditor filed a Motion for Relief from the Automatic Stay (the "MFRS"), seeking to repossess its collateral, which it described as "Approximately 150 commercial sewing machines located at debtor's business location at 2635 South Main Street, #B, Los Angeles, CA 90007."

164.    The MFRS included copies of a promissory note, security agreement and UCC-1 Financing Statement evidencing the Secured Creditor's perfected security interest in the inventory.

165.    On April 1, 2011, Diamond filed an opposition to the First USB Motion to Convert as being in bad faith based on USB's failure to cooperate with Diamond and USB's failure to file its required Schedules and Statement of Affairs.

166.    The Secured Creditor also opposed the First USB Motion to Convert, which was never set for hearing.

167.    On April 6, 2012, Diamond filed a notice of non-opposition to the MFRS.

168.    On or about April 7, 2012, The Law Offices of David A. Tilem ("Tilem") filed a substitution of counsel as the attorney for USB, in the place and stead of Choe P.C.

169.    On April 13, 2011, the Meeting of Creditors under 11 U.S.C. § 341(a) was held, at which meeting no one appeared on behalf of USB.

170.   On April 15, 2011, Diamond offered USB an opportunity to review its books and records in order to prepare its schedules and statement of financial affairs, but Diamond was informed that USB had no interest in doing so.

171.   On April 18, 2011, USB, now acting through its new counsel, Tilem, filed an Emergency Motion for Order Converting Case to Chapter 11 (the "USB Second Motion to Convert"), wherein Shin signed a supporting declaration, under penalty of perjury, alleging, among other things, that:

a.   Shin was asked to sign documents by his lawyer Gene and signed them, without asking that they be translated, which turned out to be documents authorizing the filing of bankruptcy petitions for USB, Union Trim and Shin, personally.

b.   Shin was completely unaware that such Bankruptcy Cases had been filed until March 18, 2011, when the businesses were shut down by the Trustee.

c.   Union Trim, Inc. is a dormant corporation whose assets were sold "about a year ago" to another company also owned by Shin called SMB Group, Inc. ("SMB").

172.   Shin never produced any sale agreement between Union Trim and SMB.

173.   Shin's declaration filed in support of the USB Second Motion to Convert contradicted his declaration filed in support of the Union Trim Motion to Dismiss in several respects, including that, in the Union Trim Motion to Dismiss, Shin purported to be "the Debtor who filed a Chapter 7 case on March 4, 2011" and the Union Trim Motion to Dismiss made no mention of the Union Trim or USB Bankruptcy Cases having been filed without authorization.

174.   USB's Second Motion to Convert was denied by Order entered April 19, 2011.

175.   On April 29, 2011, USB, through Tilem, filed a motion to dismiss (the "USB Motion to Dismiss"), which was the second such motion to dismiss and the fourth such motion to dismiss or to convert the USB and Union Trim cases filed by the debtors, by and through Shin, in a span of 43 days.

176.   On May 17, 2011, the Secured Creditor and Diamond each filed separate oppositions to the USB Motion to Dismiss.

1    177.    On May 31, 2011, the Court entered an Order granting the USB Motion to Dismiss,

2    with a 365-day bar against filing another Bankruptcy Case.

3    178.    On June 2, 2011, Diamond's counsel gave Shin the key to the premises and the gate

4    opener.

5    179.    On June 3, 2011, Roelke met with Shin at the premises to inspect the property and

6    participate in the turnover of the premises.

7    <u>SMB Group, Inc.</u>

8    180.    On May 10, 2012, SMB, purporting to be a separate legal entity, filed a voluntary

9    petition under Chapter 11 of the Bankruptcy Code (the "SMB Petition"), listing Union Trim as one

10    of its fictitious business names and its address as # A of 2635 South Main Street, Los Angeles,

11    California (the same "suite" and address as on the Union Trim Petition).

12    181.    No schedules or statement of financial affairs were filed with the SMB Petition.

13    182.    On May 11, 2011, Tilem made a demand upon Diamond, as the Trustee in the

14    Union Trim Case, to turn over alleged property of SMB that was allegedly in Diamond's

15    possession.

16    183.    On May 12, 2011, Diamond's counsel requested that Tilem provide him with proof

17    of ownership of the property, including an inventory of the SMB property.

18    184.    In response, Tilem provided Diamond with a one-page list, including scribbled

19    notes, designated as a partial list of equipment allegedly owned by SMB.

20    185.    Because the one-page list was wholly inadequate to substantiate ownership of the

21    property, Diamond's counsel sent an e-mail to Tilem on May 16, 2011, informing him that: "In

22    light of the prior history and uncertainties regarding this case and the cases of the related Debtors,

23    the Trustee will neither grant access to or turn over, any personal property in the absence of a Court

24    order."

25    186.    On May 24, 2012, SMB, purporting to be a separate legal entity, filed the Motion

26    For Order Holding Richard Diamond In Contempt For Willful Violation Of The Automatic Stay

27    (the "Contempt Motion"), wherein it alleged that Diamond "willfully and forcibly evicted SMB

28    from its business premises and seized all of its assets (including its books and records) without

1  legal basis or justification prior to the commencement of this case [SMB], and has since refused to

2  release them notwithstanding full knowledge of the commencement of this case [SMB] and

3  notwithstanding repeated demands therefor."

4      187.    The Contempt Motion was denied by this Bankruptcy Court by an Order entered

5  on October 18, 2011 (the "Order Denying the Contempt Motion").

6      188.    SMB appealed the Order Denying the Contempt Motion to the Bankruptcy

7  Appellate Penal for the Ninth Circuit Court of Appeals (the "BAP").

8      189.    On November 28, 2012, the BAP entered an Order reversing the Order Denying the

9  Contempt Motion and remanding the matter to this Bankruptcy Court for a further evidentiary

10  hearing.

11      190.    On January 7, 2013, SMB filed a Complaint against Diamond, initiating this

12  Adversary Proceeding No. 2:13-01020-BR (this "Action").

13      191.    On January 8, 2013, SMB filed a Notice whereby SMB withdrew the Contempt

14  Motion.

15  **FIRST COUNTERCLAIM FOR RELIEF**

16  [For Money Damages for Fraud]

17      192.    Diamond refers to and, by this reference, fully incorporates and alleges herein each

18  and all of the allegations of Paragraphs 121 through 191, inclusive, of these Counterclaims.

19      193.    Diamond is informed and believes, and based thereon, alleges that, SMB,

20  intentionally and with full knowledge thereof, caused Union Trim and USB to continue

21  unauthorized and illegal business operations with potential dissipation of personal property post-

22  petition, thereby exposing Diamond and the Bankruptcy Estates of USB and Union Trim, as to

23  which Diamond was responsible as the Trustee thereof, to potential liability from the Secured

24  Creditor and other legitimate creditors.

25      194.    Diamond is informed and believes, and based thereon, alleges that SMB

26  intentionally and with full knowledge thereof, lied to Diamond as to the circumstances surrounding

27  the bankruptcy filings and the ownership of property, in an effort to persuade Diamond to take

28  unwarranted action with respect to property as to which Diamond was responsible as the Trustee,

1  thereby exposing Diamond to potential liability from the Secured Creditor and other legitimate

2  creditors.

3      195.    Diamond is informed and believes, and based thereon, alleges that, Diamond

4  reasonably relied upon SMB's fraudulent conduct concerning material facts.

5      196.    Diamond is informed and believes, and based thereon, alleges that, as a direct and

6  proximate result of the misrepresentations and other fraudulent actions of SMB as alleged herein,

7  Diamond has, in fact, been defrauded and damaged so that Diamond is entitled to recover from

8  SMB actual money damages in amounts according to proof.

9      197.    Diamond is informed and believes and, based thereon, alleges that, at all relevant

10  times, SMB acted with malice and with the specific intention of deceiving and damaging Diamond

11  for the pecuniary gain of SMB, so that Diamond is entitled to recover punitive damages from

12  Defendants in amounts to be determined during trial.

13              **SECOND COUNTERCLAIM FOR RELIEF**

14                  [For Money Damages for Negligence]

15      198.    Diamond refers to and, by this reference, fully incorporates and alleges herein each

16  and all of the allegations of Paragraphs 121 through 197, inclusive, of these Counterclaims.

17      199.    Diamond is informed and believes and, based thereon, alleges that SMB owed duties

18  of care to whomever would be appointed as Trustee for Union Trim and USB and that SMB

19  breached those duties as alleged herein.

20      200.    Diamond is informed and believes, and based thereon, alleges that SMB negligently

21  created the circumstances which proximately caused Union Trim and USB to become involved in

22  proceedings under the Bankruptcy Code and then negligently allowed Union Trim and USB to

23  continue unauthorized and illegal business operations and potential dissipation of personal property

24  post-petition, thereby exposing Diamond and the Bankruptcy Estates of USB and Union Trim, as to

25  which Diamond was responsible as the Trustee thereof, to potential liability from the Secured

26  Creditor and other legitimate creditors.

27      201.    Diamond is informed and believes, and based thereon, alleges that SMB negligently

28  made untrue and conflicting statements, both in writing and orally, as to the circumstances

1  surrounding the bankruptcy filings and the ownership of property, in an effort to persuade Diamond

2  to take unwarranted action with respect to property as to which Diamond was responsible as the

3  Trustee, thereby exposing Diamond to potential liability from the Secured Creditor and other

4  legitimate creditors.

5      202.    Diamond is informed and believes, and based thereon, alleges that, as a direct and

6  proximate result of the negligence of SMB as alleged herein, Diamond has, in fact, been damaged

7  so that Diamond is entitled to recover from SMB actual money damages in amounts according to

8  proof.

9  **THIRD COUNTERCLAIM FOR RELIEF**

10  [For Abuse of Process]

11      203.    Diamond refers to and, by this reference, fully incorporates and alleges herein each

12  and all of the allegations of Paragraphs 121 through 202, inclusive, of these Counterclaims.

13      204.    Diamond is informed and believes, and based thereon, alleges that, by the actions

14  described herein, including but not limiting to, filing the Union Trim, USB and SMB bankruptcy

15  petitions, the Union Trim Motion to Dismiss, the USB First Motion to Convert, the USB Second

16  Motion to Convert, the USB Motion to Dismiss, the Contempt Motion, and the Complaint, SMB

17  willfully engaged in abuses of process of this Court, multiplying the proceedings unreasonably and

18  in a vexatious manner, such that SMB should be required, pursuant to 11 U.S.C. § 105(a) and other

19  applicable laws, to pay money damages to Diamond according to proof but in an amount not less

20  than attorneys' fees and costs incurred by Diamond in defending SMB's Complaint and related

21  legal proceedings.

22

23      **WHEREFORE,** the Defendant prays for Judgment against Plaintiff as follows:

24  **AS TO THE COMPLAINT**

25      (a)    Plaintiff take nothing by way of its Complaint;

26      (b)    A judgment be entered in favor of the Defendant and against Plaintiff, together with

27  an award of attorney's fees and costs in favor of the Defendant; and,

28      (c)    For such other and further relief as the Court determines just and proper.

1

## AS TO THE COUNTERCLAIMS

2      (d)    On the First Counterclaim for Relief, for damages in an amount to be determined at

3  trial.

4      (e)    On the First Counterclaim for Relief, for punitive damages in an amount to be

5  determined at trial.

6      (f)    On the Second Counterclaim for Relief, for damages in an amount to be determined

7  at trial.

8      (g)    On the Third Counterclaim for Relief, for money damages to Diamond in an amount

9  not less than Diamond's attorneys' fees and costs in amounts to be determined at trial.

10      (h)    On each and all of the Counterclaims: (1) for Diamond's reasonable attorneys' fees

11  and Diamond's costs incurred; and, (2) for such other and further relief as may be determined to be

12  just and proper.

13

14  DATED:  February 7, 2013          DANNING, GILL, DIAMOND & KOLLITZ, LLP

15

16

17                      By:    _____/s/ Steven J. Schwartz_____
                              STEVEN J. SCHWARTZ
18                              Attorneys for Defendant, Counterclaimant and
                              Third-Party Plaintiff,  Richard K. Diamond

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

A true and correct copy of the foregoing document entitled (*specify*):  DIAMOND'S ANSWER TO COMPLAINT; AND COUNTERCLAIMS FOR MONEY DAMAGES BASED ON FRAUD; NEGLIGENCE; AND ABUSE OF PROCESS  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  February 7, 2013  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Plaintiff SMB Group, Inc.:  David A Tilem     davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com; dianachau@tilemlaw.com; joanfidelson@tilemlaw.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:  On  February 7, 2013 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attorney for Plaintiff SMB Group, Inc.
Kevin S. Lacey
Law Offices of David A. Tilem
206 North Jackson Street, Suite 201
Glendale, CA 91206

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  February 7, 2013 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery (To be delivered 2/8/13)
The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1660
255 E. Temple Street
Los Angeles, CA 90012-3332

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2013 | Cheryl Caldwell | *Cheryl Caldwell* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**