1    David A. Tilem (SB # 103825)
     Kevin S. Lacey (SB # 140918)
2    **LAW OFFICES OF DAVID A. TILEM**
     206 N. Jackson Street, Suite 201
3    Glendale, California 91206
     Tel:(818) 507-6000   Fax:(818) 507-6800
4    Email: kevinlacey@tilemlaw.com

5    Attorneys for Debtor

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                 **LOS ANGELES DIVISION**

10

11
    In re:                  ) Case No. 2:11-bk-30426-BR
12                     )
                    ) Chapter 11
13    **SMB GROUP, INC.,**        )
                    )
14            Debtor.     )
15    ─────────────────── )
                    ) Adv Case No. 2:13-ap-01020-BR
16    **SMB GROUP, INC.**      )
                    )
17           Plaintiff,   ) **NOTICE OF MOTION AND MOTION FOR**
18    v.                  ) **ORDER DISMISSING COUNTER**
                    ) **COMPLAINT, MEMORANDUM OF POINTS**
19    **RICHARD K. DIAMOND,**   ) **AND AUTHORITIES**
                    )
20           Defendant.   )
21    ─────────────────── )
                    )
22    **RICHARD K. DIAMOND,**   ) Date: April 10, 2013
                    ) Time: 2:00 p.m.
23        Counter Claimant, ) CtRm: 1668
                    )
24    v.                  )
                    )
25    **SMB GROUP, INC., as debtor** )
     **and debtor-in-possession,**    )
26                    )
           Counter Defendant )
27    ─────────────────── )

28

1

2

3    **RICHARD K. DIAMOND**                    )
                                              )
4            Third Party Plaintiff,    )
                                              )
5    v.                                        )
                                              )
6    **IN CHUL SHIN, aka JEFF SHIN,**    )
     **an individual; UNION TRIM,**        )
7    **INC.; USB GROUP, INC.; ALPHA**     )
     **SEWING MACHINE,**                    )
8                                              )
                                              )
9            Third Party Defendants    )
     _____   )

10

11   **TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

12       **PLEASE TAKE NOTICE**, that on April 10, 2013, at 2:00 p.m. in

13   Courtroom 1668 of the above entitled court, Counter Defendant SMB

14   Group, Inc. ("SMB") will, and hereby does move to dismiss the

15   Counter Complaint filed by Richard Diamond ("Diamond") against

16   SMB on the grounds that:

17       1.   With respect to the first cause of action in the Counter

18   Complaint for fraud:

19           a. The cause of action fails to state a cognizable legal

20              theory;

21           b. The cause of action fails to allege sufficient facts to

22              assert a cognizable legal theory of fraud against SMB;

23           c. The cause of action fails to allege fraud with the

24              requisite specificity required by Rule 9 of the Federal

25              Rules of Civil Procedure ("FRCP") made applicable to

26              bankruptcy cases by Federal Rules of Bankruptcy

27              Procedure ("FRBP") Rule 7009; and

28

    d. The cause of action fails to allege that Diamond
        suffered any cognizable damages.

2.  With respect to the second cause of action in the Counter
Complaint for negligence:

    a. The cause of action fails to state a cognizable legal
        theory;

    b. The cause of action fails to allege sufficient facts to
        assert a cognizable legal theory of negligence against
        SMB;

    c. The cause of action fails to allege a cognizable legal
        duty owed by SMB to Diamond; and

    d. The cause of action fails to allege that Diamond
        suffered any cognizable damages.

3.  With respect to the third cause of action in the Counter
Complaint for abuse of process:

    a. The cause of action fails to state a cognizable legal
        theory;

    b. The cause of action fails to allege sufficient facts to
        assert a cognizable legal theory of abuse of process
        against SMB;

    c. The cause of action fails to allege the existence of
        any acts outside the scope of the proper legal process;

    d. Any claim for abuse of process is time barred; and

    e. The cause of action fails to allege that Diamond
        suffered any cognizable damages.

The Motion will be based on this notice, the Memorandum of
Points and Authorities filed herewith, on all pleadings and
papers filed herein, and on such other and further evidence as

1   the Court may entertain at the time of the hearing of this

2   Motion.

3

4   DATED:  March 14, 2013          LAW OFFICES OF DAVID A. TILEM

5

6                                  By:

7                                      KEVIN S. LACEY
                                       Attorneys for SMB GROUP, INC.

# Table of Contents

Title                                                                    Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................... 5

I. INTRODUCTION ................................................ 5

II. FACTUAL BACKGROUND ......................................... 6

   A. The Debtor & Related Entities. ........................... 6
   B. Choe Files Unauthorized Bankruptcy Actions ............... 8
   C. Diamond is Advised of the Facts and Takes
      no Action. ............................................. 9
   D. SMB Files Chapter 11, Diamond Violates
      the Bankruptcy Code ................................... 10
   E. Motion for Contempt for Violation of
      Automatic Stay. ....................................... 11

III. LEGAL ARGUMENT ........................................... 12

   A. Applicable Legal Standard ............................. 12
   B. Diamond Has Failed To State a Cause of
      Action for Fraud. ..................................... 13
   C. Diamond has Failed to State a Claim
      for Negligence ........................................ 17
   E. Diamond Has Failed to Plead a Claim
      for Abuse of Process. ................................. 19

IV. CONCLUSION ............................................... 23

# Table of Authorities

**Cases**

Ackerman v. Northwestern Mut. Life Ins. Co.,
172 F.3d 467 (7th Cir. 1999)..................................15

Baker Driveaway Co., Inc. v. Bankhead Enterprises,
478 F.Supp. 857, 860 (E.D.Mich. 1979)......................20

Beliveau v. Caras, 873 F.Supp. 1393 (CD CA 1995)............13

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 555 (2007)...................................13

Bickel v. Mackie,
447 F.Supp. 1376, 1382-1383 (N.D.Iowa 1978)................20

Bird v. Rothman, 128 Ariz. 599,
627 P.2d 1097, 1100 (1981).................................20

Budd v. Nixen, 6 Cal. 3d 190 (1972)..................17,18,19

Bull v. McCuskey,  96 Nev. 706, 615 P.2d 957, 960 (1980)......20

Cabral v. Ralphs Grocery Co.,
101 Cal. Rptr. 3d 474 (Cal. App. 4th Dist. 2009).............17

Cantu v. Resolution Trust Corp., 4 Cal.App.4th 857,
886-87 (1992).............................................22

Coffin v. Safeway, Inc., 323 F.Supp.2d 997 (D AZ 2004).......13

Committee on Children's Television, Inc. v. General Foods Corp.,
35 Cal.3d 197 (1983).......................................14

Conrad v. Bank of America, 45 Cal.App.4th 133 (1996)..........14

Desaigoudar v. Meyercord, 223 F.3d 1020 (9th Cir. 2000).......14

1

2

Drago v. Buonagurio, (Sup.Ct.1977)
89 Misc.2d 171, 391 N.Y.S.2d 61, 62, affd. (1978)
46 N.Y.2d 778, 413 N.Y.S.2d 910, 386 N.E.2d 821 .............. 20

4

Farmers Gin Company v. Ward,
73 N.M. 405, 389 P.2d 9, 11-12 (1964) ...................... 20

6

Godlewski v. Affiliated Computer Services, Inc.,
210 FRD 571 (ED VA 2002) ................................. 13

8

Harrison v. Westinghouse Savannah River Co.,
176 F.3d 776 (4th Cir. 1999) ............................. 14

10

Hearn v. R.J. Reynolds Tobacco Co.,
279 F.Supp.2d 1096, 1101 (D AZ 2003) .................... 13

13

Laird v. Blacker, 2 Cal. 4th 606 (1992) .................. 17

14

Lazar v. Superior Court, 12 Cal.4th 631 (1996) ........... 14,16

16

Leonard v. Vrooman, 383 F.2d 556
(9th Cir. 1967) cert. den. 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d
985 (1968) .............................................. 23

19

Martin v. Trevino, 578 S.W.2d 763, 769 (Tex.Civ.App.1978) ..... 20

21

McFaddin v. H.S. Crocker Co.,
219 Cal.App.2d 585, 590 (1963) .......................... 22

23

Miceli v. Ansell, Inc., 23 F.Supp.2d 929 (ND IN 1998) ......... 13

25

Mitchell v. Gonzales, 54 Cal.3d 1041 (1991) ................ 17

26

Nally v. Grace Community Church, 47 Cal.3d 278 (1988) ........ 17

27

Nichols v. Keller, 15 Cal.App.4th 1672 (1993) ............. 17,18

1

2  Oprian v. Goldrich, Kest & Associates,
3  220 Cal App 3d 337 (1990 4th District) ........................ 19

4  Oren Royal Oaks Venture v. Greenberg, Bernard, Weiss & Karma,
5  Inc., 42 Cal 3d 1157 (1986) ........................... 19,20,21

6  Petrou v. Hale, 43 N.C.App. 655,
7  260 S.E.2d 130, 133-134 (1979) ............................. 20

8  Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v.
9  Walgreen Co., 631 F.3d 436 (7th Cir. 2011) ................... 14

10  SEC v. Cross Fin'l Services, Inc.,
11  908 F.Supp. 718 (CD CA 1995) ............................. 13

12
13  Semegen v. Weidner, 780 F.2d 727 (9th Cir. 1985)............. 14

14  Shroyer v. New Cingular Wireless Services, Inc.,
15  622 F.3d 1035 (9th Cir. 2010) ............................ 13

16
17  Strom v. United States, 641 F.3d 1051, 1067 (9th Cir. 2011) ... 13

18  Templeton Feed & Grain v. Ralston Purina Co.,
19  69 Cal.2d 461 (1968) ..................................... 21

20  Tuchman v. DSC Communications Corp.,
21  14 F.3d 1061 (5th Cir. 1994) .............................. 14

22  United States v. White,
23  893 F.Supp. 1423 (CD CA 1995) ............................ 13

24
25  Williams v. WMX Technologies, Inc.,
26  112 F.3d 175 (5th Cir. 1997) ............................. 15

27

28

**Statutes**

11 U.S.C.:
  §108 ............................................................ 22
  §109 ............................................................. 9

Federal Rules of Civil Procedures:
Rule 9 ..................................................... 5,14,16
Rule 12 ........................................................ 12

Federal Rules of Bankruptcy Procedures:
Rule 7012 ...................................................... 12

California Code of Civil Procedures:
  §340 ........................................................... 22
  §1709 ...................................................... 13,16
  §1714 .......................................................... 18

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case has its genesis in a motion filed by SMB Group, Inc. ("SMB") against Richard Diamond ("Diamond") seeking damages for violation of the automatic stay (the "Motion"). The Motion was denied. Following an Appeal, the matter was remanded for an evidentiary hearing. Pursuant to the Mandate of the Bankruptcy Appellate Panel ("BAP"), as understood by the Court and SMB at a hearing conducted on December 5, 2012, SMB was directed to restate its claims by filing the Complaint in this case.

Diamond filed a combined Answer and Counter Complaint. In the Answer portion of the document (at pages 2-6), Diamond denies knowledge of virtually all factual allegation asserted in the Complaint. In the Counter Claim portion of the same document (at pages 16-24), Diamond asserts claims against SMB for fraud, negligence and abuse of process which claims are based on the very same facts which he professes not to know.

The BAP's Mandate was to conduct an evidentiary hearing on the issues asserted first in the Motion and now in the Complaint. At the December 5, 2012 hearing this Court made clear its desire to resolve the legal issues as expeditiously and efficiently as possible. The Counter Complaint asserts three entirely new and unrelated claims. Not only are those claims defective as a matter of law, but they appear to have been asserted solely to delay the case and increase SMB's litigation expense.

The first cause of action for fraud fails as a matter of law because, among other things, it is not pled with the adequate specificity required by FRCP Rule 9 and because Diamond has only alleged potential and speculative damage.

1  The second cause of action for negligence fails as a matter

2  of law as to SMB because, among other things, SMB owed no duty of

3  care to Diamond, no such duty has been alleged and because, once

4  again, Diamond has only alleged potential and speculative damage.

5  The third cause of action for abuse of process fails as a

6  matter of law because, among other things, the elements of such a

7  claim are not pled, the facts marshaled in support of such a

8  claim do not establish such a claim and because any such claim is

9  untimely as a matter of law.

10  Based on the foregoing, this Court should dismiss the

11  Counter Complaint.

## II.   FACTUAL BACKGROUND

### A. The Debtor & Related Entities.

14  Plaintiff and Counter Defendant SMB was, prior to March

15  2011, in the business of performing "trim work" for the clothing

16  industry.[1] The sole shareholder of SMB is Jeff Shin f/k/a In Chul

17  Sin ("Shin").   (Complaint, ¶¶9,11; Counter Complaint, ¶127.) Shin

18  is Korean and speaks very little English. SMB utilizes a

19  fictitious business name, Union Trim.[2]

---

[1] "Trim work" consists of adding buttons, zippers, collars,
pockets and other ornamental items to articles of clothing.

[2] There exists a validly formed and currently existing California
corporation named Union Trim, Inc. ("UTI").   UTI has two
shareholders: Shin and an unrelated person. UTI ceased operations
several years ago and sold its assets, including the right to use
the trade name "Union Trim", to SMB.   UTI had not conducted any
business for several years.

6

Shin is also the sole shareholder of USB Group, Inc.
("USB"). (Complaint, ¶¶9,11; Counter Complaint, ¶127.) Prior to
March 2011, USB was in the business of selling and repairing
commercial grade sewing machines and equipment. (Complaint, ¶13.)

USB and SMB are both located at 2635 S. Main Street in Los
Angeles. One of them operates from Unit "A" and the other from
Unit "B".  Both Units have doors providing street access. The two
Units are separated by a demising wall but share a common office
in the center that has access to both Units.[3]  SMB conducts
business in the Northern Unit and USB in the Southern Unit.
(Complaint, ¶¶12, 15; Counter Complaint, ¶¶136, 150.)

Prior to June of 2010, USB borrowed $250,000 from First Bank
to fund additional inventory. This loan was guaranteed by Shin.
The inventory line was later rewritten as a term loan and
documented in a Note dated June 25, 2010. When USB defaulted,
First Bank filed suit in Orange County Superior Court on February
17, 2011 and moved for a writ of possession on February 24, 2011.
The hearing date for First Bank's writ petition was March 25,
2011.

In search of an attorney, Shin consulted a popular Korean
newspaper and found an advertisement, partially written in
Korean, placed by the Law Offices of Gene W. Choe ("Choe").  Shin
met with Choe and a paralegal. Both suggested repeatedly that

---

[3] This is most easily visualized as a basketball court where the
half-court line is a demising wall and the office is an enclosed
jump-ball circle at mid-court with doors to both halves of the
court.

7

Shin consider filing bankruptcy, but Shin refused.  Shin told Choe that he wanted to negotiate a payment schedule for the loan with First Bank.  Shin stated repeatedly that he did not want to file any bankruptcy.

Shin retained Choe on behalf of USB. Choe had Shin sign several documents written in English which were not translated into Korean. Shin learned much later that Choe had Shin sign at least one bankruptcy document called an "Electronic Filing Declaration" (hereafter "EFD").

## B. Choe Files Unauthorized Bankruptcy Actions.

On March 4, 2011, Choe, without Shin's consent or knowledge and without the knowledge or consent of USB or UTI, Choe and his office filed three (3) separate Chapter 7 bankruptcy cases: (1) on behalf as Shin as an individual (2:11-bk-19485-PC); (2) on behalf of UTI (2:11-bk-19513-BR)(case dismissed by Court Order entered 7/21/2011); and on behalf of USB (2:11-bk-19514-PC)(case dismissed by Court Order entered 5/31/2011).[4]  Choe was able to accomplish this by utilizing the EFT which he had duped Shin into signing.

_____

[4] In the Complaint, SMB alleges that Choe filed these petitions using forged EFDs. (Complaint, ¶¶19, 30.)  The evidence will show that the Boards of Directors for USB and UTI were never consulted and never authorized the petitions – there are no corporate resolutions authorizing the petitions.  The evidence will further show that Shin never attended the pre-filing briefing required of individual debtors. The certificate stating otherwise appears to have been forged by Choe or a member of his staff.  None of the three petitions was personally signed. Finally, at least two of the EFDs are photocopies and appear to have been altered by Choe or a member of his staff after Shin signed it.

1   Diamond was appointed as the Chapter 7 trustee in both the

2   UTI and USB cases. (Complaint, ¶22; Counter Complaint, ¶¶139,

3   153.) It is important to observe that no case was, at that time,

4   filed for SMB.  The petitions filed by Choe for USB and UTI

5   identified their places of business as 2635 S. Main Street, Los

6   Angeles. (Complaint, ¶12; Counter Complaint, ¶¶ 136, 150.)

7   On March 18, 2011, Diamond 's field representative, Kenneth

8   Roelke, was dispatched to the premises to close USB's business.

9   (Counter Complaint, ¶159.)  According to the Counter Complaint,

10   Roelke was unable to ascertain which property at the location

11   might have been owned by USB or UTI – so Roelke, under color of

12   authority, ordered all occupants of the entire building to

13   immediately evacuate the property.  He then seized the records

14   and sealed the property.[5] (Counter Complaint, ¶159.)

**C. Diamond is Advised of the Facts and Takes no Action.**

15   Beginning April 6, 2011 and continuing to June 2, 2011,

16   Diamond was repeatedly advised: (1) that Shin did not sign any of

17   the petitions; (2) that Shin did not attend the pre-filing

18   briefing required by Bankruptcy Code §109(h); (3) that the

19   document indicating Shin had attended the §109(h) briefing was

20   forged; (4) that the Petitions were unsigned and the Electronic

21   Filing Declarations were obvious forgeries; (5) that the USB

22

23

24

25   [5] Roelke's confusion was odd. The Unit occupied by USB was filled

26   with various machines and machine parts laying about a cluttered
floor, while that unit occupied by SMB was well organized, had

27   sewing machines on workstation tables, and sewing accoutrements
neatly about the premises. They were clearly two separate

28   businesses.

1   Board of Directors had not authorized the filing; (6) that UTI

2   was out of business and had not been operating for several years;

3   (7) that the UTI Board of Directors had not authorized the

4   filing; (8) that Shin, UTI and USB did not want to be in

5   bankruptcy proceedings but that these cases had been filed

6   without authorization by Choe; (9) that SMB, UTI, and USB had

7   been victimized by an unscrupulous attorney acting without

8   authority; and (10) that USB and SMB were different entities

9   operating in different parts of the building. (Complaint, ¶19 and

10  30; Counter Complaint, ¶171.)

11      In the Counter Complaint, Diamond acknowledges that he

12  became aware of these issues not later than April 15, 2011.

13  Diamond's only response, however, was to allow USB an

14  "opportunity to review its books and records in order to prepare

15  its schedules and statements of financial affairs".[6] (Counter

16  Complaint, ¶171.)  Through counsel, Diamond was advised that USB

17  was unwilling to ratify the fraudulent activities of Choe and

18  would not participate in the unauthorized bankruptcy process.

19      At no time, from the date of his appointment, did Diamond

20  seek authorization or instruction from the Court.

21  **D. SMB Files Chapter 11, Diamond Violates the Bankruptcy Code.**

22      In the face of Diamond's intransigence, SMB filed a

23  voluntary Chapter 11 petition on May 10, 2011. Notwithstanding

24  _____

25

26

27  [6] Diamond ignored what he was being told, refused to meet with
    Shin or his counsel, refused to grant access to corroborating
    information under his exclusive control and refused to examine
28  that information for himself.

1  the filing, Diamond concedes in the Counter Complaint that he
2  failed and refused to relinquish control over SMB's assets and
3  its books and records.  Instead Diamond continued to reject
4  Shin's representations through counsel that SMB was not a party
5  to the UTI or USB cases and that Diamond had improperly seized
6  SMB's property.

7      Rather than looking at the documents under his control or
8  making even a minimal investigating of Shin's claims, and again
9  without seeking Court authorization or guidance, Diamond
10 improperly demanded that Shin provide "proof" of ownership.

11     SMB, through its attorney, provided what little information
12 he could, but Diamond considered this information "wholly
13 inadequate" to establish SMB's separate existence.  (Counter
   Complaint, ¶183-185.)  Diamond then made it impossible to comply
14 with his demand by refusing access to SMB's books and records
15 under his exclusive possession and control.  (Complaint, ¶¶40-47;
16 Counter Complaint, ¶183-185.)

17  **E. Motion for Contempt for Violation of Automatic Stay.**

18     On Tuesday, May 24, 2012, SMB - left with no alternative in
19 the face of Diamond's refusal to comply with Sections 362 and 543
20 of the Bankruptcy Code - filed a Motion asking the Court to hold
21 Diamond in contempt (the "Motion"). (Complaint, ¶50; Counter
22 Complaint, ¶186.) Even after the motion was filed, Diamond still
23 refused to turn over or provide access to SMB's assets.

24     On Tuesday, May 31, 2011 the Court entered an Order
25 dismissing the USB case.  Even after the USB case was dismissed
26 Diamond still refused to turn over or provide access to SMB's
27 assets.

28     The keys were finally made available to SMB on June 2, 2011.

1    The Court continued the hearing on the Motion several times
2    finally setting it for October 4, 2011.  The Motion was denied,
3    (Doc. 60) and SMB appealed.  The BAP reversed on November 7, 2012
4    and remanded for further evidentiary hearings. (Docs. 63 and 34-
5    3.)

6    The Court conducted a hearing on December 5, 2012 to
7    consider the BAP's Mandate.  During that hearing the Court agreed
8    with SMB's counsel that the BAP wanted the matter heard by
9    complaint, rather than by motion.  The Court further made it
10   clear that this case would be handled in an expedited manner.
11   Among other things, the Court specifically directed that the
12   question of damages and all discovery related thereto be
13   bifurcated and held until after the Court resolved the questions
14   of liability and immunity.

15   The Complaint in this matter was filed on January 14, 2013.
16   (Doc. 99).  On February 7, 2013, Diamond filed his Answer and
17   Counter Complaint against SMB for fraud, negligence, and abuse of
     process. (Doc. 6.)

18                      **III. LEGAL ARGUMENT**

19   **A. Applicable Legal Standard.**

20   FRCP Rule 12, made applicable to bankruptcy cases by FRBP
21   Rule 7012, provides:

22
23           (b) How to Present Defenses. Every defense
             to a claim for relief in any pleading must
             be asserted in the responsive pleading if
24           one is required. But a party may assert the
             following defenses by motion: ... (6) failure
25           to state a claim upon which relief can be
             granted
26

27   A motion based on FRCP Rule 12(b)(6) tests the legal
28   sufficiency of the claim or claims stated in the complaint.

1  (*Strom v. United States,* 641 F.3d 1051, 1067 (9th Cir. 2011); *SEC*

2  *v. Cross Fin'l Services, Inc.* 908 F.Supp. 718, 726-727 (CD CA

3  1995); *Beliveau v. Caras,* 873 F.Supp. 1393, 1395 (CD CA 1995);

4  *United States v. White,* 893 F.Supp. 1423, 1428 (CD CA 1995). For

5  purposes of Rule 12(b)(6), "claim" means a set of facts that, if

6  established, *entitle the* pleader to relief. (*Bell Atlantic Corp.*

7  *v. Twombly,* 550 U.S. 544, 555, (2007).)

8      A motion filed pursuant to FRCP Rule 12(b)(6) is proper when

9  the complaint fails to allege either: (a) A cognizable legal

10  theory;  or (b) the absence of sufficient facts alleged under a

11  cognizable legal theory. (*Shroyer v. New Cingular Wireless*

12  *Services, Inc.* 622 F.3d 1035, 1041 (9th Cir. 2010); *Hearn v. R.J.*

13  *Reynolds Tobacco Co.* (D AZ 2003) 279 F.Supp.2d 1096, 1101; *Coffin*

14  *v. Safeway, Inc.* 323 F.Supp.2d 997, 1000 (D AZ 2004).) To survive

15  a motion to dismiss, the facts alleged must state a *facially*

16  *plausible* claim for relief. (*Shroyer*, supra, 622 F.3d at p. 1041;

17  *Bell Atlantic, supra,* 550 U.S. 544.)

18      A motion based on FRCP Rule 12(b)(6) may be directed at the

19  entire complaint or individual causes of action. (*Godlewski v.*

20  *Affiliated Computer Services, Inc.* 210 FRD 571, 572 (ED VA 2002);

21  *Miceli v. Ansell, Inc.* 23 F.Supp.2d 929, 931 (ND IN 1998).)

22  **B. Diamond Has Failed To State a Cause of Action for Fraud.**

23      In California, the elements of a fraud cause of action are:

24  (a) misrepresentation (false representation, concealment or

25  nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

26  intent to defraud, i.e., to induce reliance; (d) justifiable

27  reliance; and (e) resulting damage.  (Cal.Civ. Code §1709; *Lazar*

28  *v. Superior Court,* 12 Cal.4th 631, 638 (1996).)

     Fraud actions are universally "disfavored" and subject to

particularity in pleading.  In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity." (FRCP 9(b); *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1022-1023 (9th Cir. 2000); *Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d 197, 216 (1983).)

Fraud is a charge "that is easily made but less often substantiated.  Fraud claims are subject to a stricter pleading standard, because they involve a serious attack on the defendant's character".  (*Conrad v. Bank of America,* 45 Cal.App.4th 133, 156 (1996); *Children's Television, supra,* 35 Cal.3d at p. 216; *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985).)

The "particularity" requirement serves several purposes: (1) it ensures that a defendant has sufficient information to formulate a defense by providing adequate notice of both the nature and grounds of the claim; (2) it reduces the number of frivolous suits brought solely to extract settlements; (3) it eliminates fraud actions in which all the facts are learned after discovery; and (4) it provides an increased measure of protection for a defendant's reputation. (*Harrison v. Westinghouse Savannah River Co.* 176 F.3d 776, 784 (4th Cir. 1999); *Tuchman v. DSC Communications Corp.* 14 F.3d 1061, 1067 (5th Cir. 1994).)

This rule is designed "to discourage a 'sue first. ask questions later' philosophy". (*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.* 631 F.3d 436, 441 (7th Cir. 2011).)  "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient

1   depth to assure that the charge of fraud is responsible and

2   supported, rather than defamatory and extortionate." (*Ackerman v.*

3   *Northwestern Mut. Life Ins. Co.* 172 F.3d 467, 469 (7th Cir.

4   1999).)  As one court has stated, in fraud cases "the who, what,

5   when, and where must be laid out *before* access to the discovery

6   process is granted." (*Williams v. WMX Technologies, Inc.* 112 F.3d

7   175, 178 (5th Cir. 1997).)

8        Though somewhat obscured by the fact that Diamond makes no

9   effort to track the elements of a fraud claim, Diamond's cause of

10  action is defective in nearly every respect.  Nowhere does

11  Diamond allege any specific "misrepresentation" by SMB.[7]  To

12  paraphrase the Court in *Williams*, Diamond has failed to plead any

13  who, what, when or where.  (*Williams v. WMX Technologies, Inc.,*

14  *supra,* 112 F.3d at p. 178.)

15       Diamond seems to be searching for scienter in paragraph 193

16  of the Counter Complaint Diamond where he alleges that:

17          "SMB ... caused Union Trim and USB to continue
            unauthorized and illegal operations with
18          potential dissipation of personal property
            post-petition, thereby exposing Diamond ... to
19          potential liability from the Secured Creditor
            and other legitimate creditors."

20

21  _____

22

23

24  [7] Diamond has failed to allege a single misrepresentation in any
    of the factual allegation. Instead, Diamond generally asserts,
25  without specificity, that "misrepresentations" exist in pleadings
    filed in the USB, UTI and Shin cases.  Even if Diamond were
26  correct (and he is not), misrepresentations contained in Court
    pleadings may be a basis for relief under FRBP 9011, not a claim
27  for fraud.  Diamond has not sought redress under Rule 9011, nor
    has he complied with the "safe harbor" provisions of that Rule.
28

15

1  Apart from the fact that Diamond alleges no facts to support this

2  conclusion, the allegation does not sound in fraud. There is no

3  alleged misrepresentation, no reliance, no intent to defraud

4  Diamond, and no claim of damage. (Cal.Civ. Code §1709; *Lazar v.*

5  *Superior Court, supra,* 12 Cal.4[th] at p. 638.)

6      The following paragraph suffers the same deficiencies.

7  Diamond alleges that:

8          SMB intentionally and with full knowledge thereof,
           lied to Diamond as to the circumstances surrounding
9          the bankruptcy filings in an effort to persuade
           Diamond to take unwarranted action with respect to
10         property as to which Diamond was responsible
           …thereby exposing Diamond to potential liability
11         from the Secured Creditor and other legitimate
           creditors.
12

13 (Counter Complaint, ¶ 194.)  There is no "misrepresentation" –

14 let alone one pled with particularity as required by FRCP Rule 9.

15     Diamond relies instead on broad sweeping general statements

16 of falsity that do not comply with the specificity requirement

17 lot alone comport with what actually occurred. (FRCP 9(b);

18 *Desaigoudar v. Meyercord, supra,* 223 F.3d at pp. 1022-1023;

19 *Williams v. WMX Technologies, Inc., supra,* 112 F.3d at p. 178;

20 *Children's Television, supra,* 35 Cal.3d at p. 216.)

21     Finally, Diamond concedes that he has not incurred **any**

22 damages. Instead he alleges that SMB's conduct has "expos[ed]

23 Diamond to **_potential_** liability from the Secured Creditor and

24 other legitimate creditors." (Counter Complaint, ¶¶ 193-194.

25 Emphasis added.) In order to assert a viable claim, a party must

26 alleged that he has **_incurred_** damages – the potential or

27 possibility of future harm is insufficient. (Cal.Civ. Code

28 §1709; *Lazar v. Superior Court, supra,* 12 Cal.4[th] at p. 638.)

1    Diamond's fraud claim should be dismissed.

2    **C. Diamond has Failed to State a Claim for Negligence.**

3    In order to state a claim for negligence, a party must plead
4    and prove four elements: : (1) a duty running from the defendant
5    to the plaintiff; (2) a breach of that duty; (3) a causal
6    connection between the breach of duty; and (4) the damages
7    incurred by the plaintiff flowing from that breach.  (See, e.g.,
8    *Nichols v. Keller,* 15 Cal.App.4th 1672, 1682 (1993); *Budd v.*
9    *Nixen,* 6 Cal.3d 190, 195 (1972); *Laird v. Blacker* 2 Cal.4th 606,
10   620 (1992).) To support a finding of negligence, a plaintiff must
11   show that the defendant owed a duty to the plaintiff to use care,
12   that he or she breached that duty, and that the breach was the
13   actual cause of the resulting injury. (*Nally v. Grace Community*
14   *Church*, 47 Cal.3d 278 (1988); see also *Mitchell v. Gonzales,* 54
15   Cal.3d 1041 (1991).) "Abstract negligence" is insufficient to
16   support a judgment against a defendant; instead, there must be
17   substantial evidence of a causal connection between a defendant's
18   negligent acts or omissions and plaintiffs' injuries. [*Cabral v.*
19   *Ralphs Grocery Co.*, 101 Cal. Rptr. 3d 474 (Cal. App. 4th Dist.
20   2009), review granted and opinion superseded, 2010 WL 391415
21   (Cal. 2010).)

22   Diamond deals very curtly with the first issue; the
23   existence of any duty owed by SMB to Diamond.  (Counter
24   Complaint, ¶199.)  The failure to address this element is
25   understandable - there was none.  This is particularly true where
26   the bankruptcy case was fraudulently filed by an intervening
27   third party - Choe.

28   Generally speaking the law imposes two categories of duties:
     the duty to use ordinary care in conducting activities from which

1  harm might reasonably be anticipated (Cal. Civ. Code, § 1714

2  subd. (a)); and duties based on a relationship between parties –

3  such as an attorney-client, or other professional relationship,

4  where the duty arises as a result of that relationship. (*Nichols*

5  *v. Keller, supra,* 15 Cal.App.4th at p.  1682; *Budd v. Nixen,*

6  *supra,* 6 Cal.3d 190.)

7      In this case, SMB was conducting normal business operations

8  when Diamond entered its business premises, without warning or

9  cause, and ejected all of SMB's employees utilizing the title and

10  authority of his office to do so.  If anyone had a duty of

11  ordinary care in this case, it was Diamond who failed to exercise

12  that duty before taking action, Diamond who failed to seek any

13  guidance or instruction from the Court and Diamond who failed to

14  take any action to mitigate the harm he caused after being

15  informed of the true facts.

16      Nor was there any relationship between SMB and Diamond.  SMB

17  was not a party to either of the bankruptcy proceedings in which

18  Diamond was the trustee.  Other than having common ownership, SMB

19  had no connection whatsoever to USB.  SMB's only connection to

20  UTI was SMB's contractual acquisition of UTI's assets several

21  years earlier. In short, there was no relationship which could

22  support a duty of the type required.  Diamond cannot simply

23  manufacture such a duty by fiat.

24      Even if this Court were to find such a duty, the allegations

25  do not support a negligence claim.

26      Diamond alleges that SMB:

27          [N]egligently created the circumstances
            which … caused Union Trim and USB to become
28          involved in proceeding under the Bankruptcy
            Code and then allowed Union Trim and USB to

1                      continued unauthorized and illegal
                      operations with potential dissipation of

2                       personal property post-petition, thereby
                      exposing Diamond … to potential liability

3                       from the Secured Creditor and other
                      legitimate creditors."

4

5 (Counter Complaint, ¶200.) Even assuming this bizarre allegation

6 were true, any pre-bankruptcy duty SMB "breached" would have

7 been to UTI and USB – not to Diamond.

8       Moreover, as with his claim for fraud, Diamond has conceded

9 that he has *not incurred any damages* – only that the "potential"

10 for damages. (Counter Complaint, ¶¶200, 202.)  It is well

11 established that a negligent act and breach of duty – no matter

12 how extreme or egregious – will not give rise to a cause of

13 action for negligence where the party seeking recovery was not

14 "actually" injured by that negligent act. (*Budd v. Nixen, supra,*

15 6 Cal.3d at p. 201.) In this case, Diamond has conceded that he

16 was not injured by the alleged negligence of SMB. As such, his

17 claim fails as a matter of law and should be dismissed.

**D. Diamond Has Failed to Plead a Claim for Abuse of Process.**

18       One who uses or abuses a legal process, whether criminal or

19 civil, for a purpose other than that for which it is designed is

20 potentially liable for the tort of abuse of process. (*Oprian v.*

21 *Goldrich, Kest & Associates,* 220 Cal App 3d 337 (1990 4th Dist.).)

22 The two fundamental elements of abuse of process are: (1) an

23 ulterior purpose, (2) and a willful act in the use of the process

24 that is not proper in the regular conduct of the proceeding.

25 (*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma,*

26 *Inc.* 42 Cal 3d 1157 (1986).)

27       In his third cause of action, Diamond maintains that the

28 filing of the bankruptcy petitions by UTI, USB, and SMB, along

1  with virtually all the motions filed in those proceedings,

2  constitute an "abuse of process of this Court" and that SMB

3  should be required to pay Diamond damages according to proof.

4  (Counter Complaint, ¶200.)   Diamond clearly has no understanding

5  of this cause of action.

6      First, filing and maintaining an action – even where

7  improper – does not give rise to the tort of abuse of process.

8  As observed by the California Supreme Court:

9          The relevant California authorities
           establish, however, that while a defendant's
10         act of improperly instituting or maintaining
           an action may, in an appropriate case, give
11         rise to a cause of action for malicious
           prosecution, the mere filing or maintenance
12         of a lawsuit—even for an improper purpose—is
           not a proper basis for an abuse of process
13         action.

14 *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma,*

15 *Inc.* 42 Cal.3d 1157, 1169 (1986).)[8]

16

17  _____

18

19

20 [8] In reaching this conclusion, the Court further noted that the
   "overwhelming majority of out-of-state precedents have reached
21 the same conclusion. (See, e.g., *Bird v. Rothman* (1981) 128 Ariz.
   599, 627 P.2d 1097, 1100; *Brody v. Ruby* (Iowa 1978) 267 N.W.2d
22 902, 905; *Bickel v. Mackie* (N.D.Iowa 1978) 447 F.Supp. 1376,
   1382-1383; *Baker Driveaway Co., Inc. v. Bankhead Enterprises*
23 (E.D.Mich.1979) 478 F.Supp. 857, 860; *Farmers Gin Company v. Ward*
   (1964) 73 N.M. 405, 389 P.2d 9, 11-12; *Drago v. Buonagurio*
24 (Sup.Ct.1977) 89 Misc.2d 171, 391 N.Y.S.2d 61, 62, *affd.* (1978)
   46 N.Y.2d 778, 413 N.Y.S.2d 910, 386 N.E.2d 821; *Petrou v. Hale*
25 (1979) 43 N.C.App. 655, 260 S.E.2d 130, 133-134; *Martin v.
   Trevino* (Tex.Civ.App.1978) 578 S.W.2d 763, 769; contra, *Bull v.
26 McCuskey* (1980) 96 Nev. 706, 615 P.2d 957, 960.); *Oren Royal Oaks
   Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., supra,* 42
27 Cal.3d 1157, 1169.

28

1    In order to satisfy the tort of abuse of process, the second

2  element requires a willful act in the use of the process *not*

3  *proper* in the regular conduct of the proceeding." (*Oren Royal*

4  *Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., supra,*

5  42 Cal.3d at p. 1169, quoting *Templeton Feed & Grain v. Ralston*

6  *Purina Co.* 69 Cal.2d 461, 466 (1968). Emphasis added.)

7    In *Templeton Feed and Grain v. Ralston Purina Co.* 69 Cal.2d

8  461, 465-66 (1968), the California Supreme Court elaborated on

9  the "willful act" requirement as:

> *Some definite act or threat not authorized by the
> process, or aimed at an objective not legitimate in the
> use of the process, is required; and there is no
> liability where the defendant has done nothing more
> than carry out the process to its authorized
> conclusion, even though with bad intentions.* The
> improper purpose Usually takes the form of coercion to
> obtain a collateral advantage, not properly involved in
> the proceeding itself, such as the Surrender of
> property or the payment of money, by the use of the
> process as a threat or a club. *There is, in other
> words, a form of extortion, and it is what is done in
> the course of negotiation, rather than the issuance or
> any formal use of the process itself, which constitutes
> the tort.*"

(Italics in opinion.)

   In this case, Diamond has alleged no "threat", "improper

objective", or anything else that would satisfy the element of

"willful act". Instead, he has alleged that virtually all the

pleading filed in the UTI, USB and Shin bankruptcy cases were

1    improper because they "unnecessarily multiplied proceedings" and
2    this should require SMB to pay damages. This is simply not abuse
3    of process nor any other cognizable claim for which Diamond may
4    seek relief.   Further, it ignores the fact that none of these
5    cases was filed, or authorized by the debtors involved.

6        It is, frankly, not uncommon in any litigation for one party
7    to consider that his opponent may be filing excessive or
8    unnecessary pleadings.   Under the "Diamond Rule", any attorney
9    who subjectively feels aggrieved by this process would have an
10   abuse of process claim.[9]   Fortunately this is simply not the law
11   since courts would be clogged with such claims going back and
12   forth between litigants, each claim giving rise to the next.

13       Finally, apart from the other fatal defects, this cause of
14   action is also time barred as a matter of law. In California,
15   because abuse of process is considered an injury to the person,
16   the applicable statute of limitations is one year. (Cal. Code
17   Civ.Proc., § 340, subd. (3); *Cantu v. Resolution Trust Corp.* 4
18   Cal.App.4th 857, 886-87 (1992).) The limitations period begins to
19   run when the abuse of process occurs. (*McFaddin v. H.S. Crocker
20   Co.* 219 Cal.App.2d 585, 590 (1963).) Nor is Bankruptcy Code §108
21   applicable since claims based on filings in the Shin, USB and UTI
22   bankruptcy cases necessarily arose AFTER those cases were filed.

———————————————

25   [9] By way of illustration, a reasonable attorney could conclude
26   that this Counter Complaint was filed solely to increase fees and
     costs in a matter that was intended solely to comply with the
27   BAP's mandate to conduct an evidentiary hearing.   Based on such a
     conclusion and using the Diamond Rule, SMB would have a claim for
28   abuse of process against Diamond.

1   According to the Counter Complaint, virtually everything
2   filed in the UTI, USB, and SMB actions was somehow intended to
3   vex Diamond and confuse the Court. (Counter Complaint, ¶200.)
4   Instead of seeking clarification or guidance from the Court,
5   Diamond chose to "go it alone".  His decision to do so has
6   exposed him to liability and he must bear the consequences of
7   that decision.  *Leonard v. Vrooman*, 383 F.2d 556 (9th Cir. 1967)
8   *cert. den.* 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1968)).

9   The USB case was dismissed by Court Order on May 31, 2011.
10  The UTI case was dismissed on July 28, 2011. (Counter Complaint,
11  ¶¶148, 177.)  The Shin case was dismissed on May 2, 2011.  Any
12  abuse of process claims relating to those actions must have been
13  filed no later than May 2, 2012, May 31, 2012 and July 28, 2012.
14  This Counter Complaint was not filed, however, until February of
    2013.[10]

15
16                          **IV.   CONCLUSION**

17  By this Counter Complaint, Diamond seeks to transform what
18  was intended by the BAP and this Court to be a rather simple and
19  straightforward evidentiary hearing into a morass of litigation.
20  Diamond's goals are to obfuscate the issues and improperly
21  increase the costs of litigation for SMB.

---

24  [10] Diamond cannot maintain any claim for abuse of process as to
25  the SMB case as that matter is ongoing.  There are certain
    procedural safeguards, such as Rule 11 sanctions, for improper
26  filings that Diamond can utilize if he believes that pleadings in
    this case were improperly filed. But his claim as to abuse of
27  process would not accrue until the end of the litigation. (*Kappel
    v. Bartlett* 200 Cal.App.3d 1457, 1467 (1988); *Cantu v. Resolution
28  Trust Corp., supra*, 4 Cal.App.4th at pp. 886-87.)

1    This case is very simple.  Diamond, a Trustee acting in

2 excess of his authority, seized property which did not belong to

3 the estate under his administration.  When the error was brought

4 to his attention and convinced of his own infallibility and

5 invulnerability, Diamond refused to investigate, failed to

6 acknowledge and correct any error and failed to seek Court

7 guidance or instruction.  No one made Diamond seize the assets

8 except Diamond.  No one prevented Diamond from doing an

9 investigation except Diamond.  No one prevented Diamond from

10 seeking Court guidance except Diamond.  Diamond's efforts to

11 blame everyone around him should be recognized for what they are

12 - finger pointing and obfuscation.

13    Diamond filed a Counter Complaint that, on its face. fails

14 to present either cognizable legal theories or sufficient facts

15 to support cognizable legal theories.  The facts and legal

16 arguments presented fail to allege facially plausible claims for

17 relief.  This Motion should be granted and the Counter Complaint

18 should be dismissed without leave to amend.

19 DATED:  March 14, 2013        LAW OFFICES OF DAVID A. TILEM

20

21                              By: _____

22                                  KEVIN S. LACEY
                                     Attorneys for SMB GROUP, INC.

23

24

25

26

27

28

                                24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**206 North Jackson Street, Suite 201, Glendale CA 91206**

**A true and correct copy of the foregoing document entitled** (specify):   **NOTICE OF MOTION AND MOTION FOR ORDER DISMISSING COUNTER COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **3/14/13**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Howard Kollitz    HKollitz@DGDK.Com, DanningGill@gmail.com
- David B Lally    davidlallylaw@gmail.com
- Steven J Schwartz    sschwartz@dgdk.com, DanningGill@gmail.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) __03/14/2013__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1660, Los Angeles, CA 90012
Stuart Simone, GWC Law Group PC, 3699 Wilshire Blvd., Suite 720, Los Angeles, CA 90010
Debtor: SMB Group, Inc., 2635 S. Main Street., #A, Los Angeles, CA 90007

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/14/2013 | Diana Chau | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.