1  David A. Tilem (SB # 103825)
   Kevin S. Lacey (SB # 140918)
2  **LAW OFFICES OF DAVID A. TILEM**
   206 N. Jackson Street, Suite 201
3  Glendale, California 91206
   Tel:(818) 507-6000   Fax:(818) 507-6800
4  Email: kevinlacey@tilemlaw.com

5  Attorneys for Debtor

6

7                 UNITED STATES BANKRUPTCY COURT

8                 CENTRAL DISTRICT OF CALIFORNIA

9                       LOS ANGELES DIVISION

10

11  In re:                       ) Case No. 2:11-bk-30426-BR
                                 )
12                               ) Chapter 11
                                 )
13  **SMB GROUP, INC.,**             )
                                 )
14              Debtor.          )
                                 )
15  _____    )
    **SMB GROUP, INC.**              ) Adv Case No. 2:13-ap-01020-BR
16                               )
           Plaintiff,            ) **SMB GROUP, INC.'S ANSWER TO**
17  v.                           ) **COUNTERCLAIMS OF RICHARD K.**
                                 ) **DIAMOND**
18  **RICHARD K. DIAMOND,**          )
                                 )
19              Defendant.       )
                                 )
20  _____    )
                                 )
21  **RICHARD K. DIAMOND,**          )
                                 )
22          Counterclaimant,     )
                                 )
23  v.                           )
                                 )
24  **SMB GROUP, INC., as debtor**   )
25  **and debtor-in-possession,**    )
                                 )
26          Counter-Defendant    )
27  _____    )

28

1

2    **RICHARD K. DIAMOND**                    )
                                               )
3            Third-Party Plaintiff,            )
     v.                                        )
4                                              )
5    **IN CHUL SHIN, aka JEFF SHIN,**          )
     **an individual; UNION TRIM,**            )
6    **INC.; USB GROUP, INC.; ALPHA**          )
     **SEWING MACHINE,**                       )
7                                              )
              Defendant.                       )
8    _____

9

10                    **ANSWER TO COUNTERCLAIM**[1]

11        SMB Group, Inc., as Plaintiff and Counter-defendant ("SMB"),

12   hereby answers the Counterclaim of Counterclaimant Richard K

13   Diamond as follows:

14        121. SMB denies the allegation to the extent it

15   mischaracterizes SMB as a "purported separate legal entity".

16   Otherwise, SMB admits the allegations in paragraph 121 of the

17   Counterclaim.

18        122. SMB admits the allegations in paragraph 122 of the

19   Counterclaim.

20        123. SMB admits the allegations in paragraph 123 of the

21   Counterclaim.

22        124. SMB admits the allegations in paragraph 124 of the

23   Counterclaim.

24   _____

25

26

27   [1] For ease of reference, the paragraph numbering in this Answer
     is intended to correspond to the relevant paragraphs of the
28   Counterclaim.

2

125. SMB admits the allegations in paragraph 125 of the Counterclaim to the extent that Counterclaimant was the former Trustee in two matters, *In re Union Trim, Inc.* (2:11-bk-19513-BR); and *In re USB* (2:11-bk-19514-PC). SMB denies the remainder of the allegations in paragraph 125.

126. SMB denies the allegation to the extent it mischaracterizes SMB as a "purported separate legal entity". Otherwise, SMB admits the allegations in paragraph 126 of the Counterclaim.

127. SMB admits the allegations in paragraph 127 of the Counterclaim as to USB and SMB, and denies the remainder of paragraph 127.

128. SMB admits the allegations in paragraph 128 of the Counterclaim that Shin is a resident of Los Angeles County, State of California.

129. SMB lacks information sufficient to admit or deny the allegations in paragraph 129 of the Counterclaim, and on that bases denies said allegations.

130. SMB lacks information sufficient to admit or deny the allegations in paragraph 130 of the Counterclaim, and on that bases denies said allegations.

131. SMB denies the allegations in paragraph 131 of the Counterclaim.

132. SMB denies the allegations in paragraph 132 of the Counterclaim.

133. SMB denies the allegations in paragraph 133 of the Counterclaim.

134. SMB denies the allegations in paragraph 134 of the Counterclaim.

135. SMB denies the allegation in paragraph 135 of the Counterclaim to the extent it mischaracterizes Union Trim, Inc. as a "purported separate legal entity". SMB further denies the allegation in paragraph 135 of the Counterclaim that Union Trim filed a voluntary petition.  SMB, based on information and belief, believes that attorney Gene Choe, without the knowledge or consent of Union Trim, filed a pleading entitled "voluntary petition" under Chapter 7 of the Bankruptcy Code.

136. SMB responds to the allegations in paragraph 136 by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

137. SMB responds to the allegations in paragraph 137 by stating that the court's records speak for themselves, and SMB need not admit or deny this.

138. SMB admits the allegations in paragraph 138 of the Counterclaim, except it denies that Shin signed the Electronic Filing Declaration, or the Statement Regarding Authority to Sign and File Petition.

139. SMB admits the allegations in paragraph 139 of the Counterclaim.

140. SMB denies the allegations of paragraph 140 of the Counterclaim. Union Trim filed no bankruptcy schedules.  SMB, based on information and belief, believes that attorney Gene Choe, without the knowledge or consent of Union Trim, may have filed such schedules.

141. SMB responds by stating that the court's records speak for themselves, and SMB need not admit or deny the allegation in paragraph 141 of the Counterclaim.

142. SMB responds by stating that the court's records speak for themselves and SMB need not admit or deny the allegation in paragraph 142 of the Counterclaim.

143. SMB responds to the allegations on paragraph 143 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

144. SMB responds to the allegations on paragraph 144 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

145. SMB responds to the allegations on paragraph 145 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

146. SMB responds to the allegations on paragraph 146 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

147. SMB denies the allegations in paragraph 147 of the Counterclaim.  Golden Textile was doing business with SMB, dba Union Trim; it was not doing business with Union Trim, Inc.

148. The bases for the dismissal of the Union Trim Case are contained in the court records speak for themselves, and SMB responds that it does not need to admit or deny this allegation.

149. SMB denies the allegation in paragraph 149 of the Counterclaim to the extent it mischaracterizes USB Group, Inc. as a "purported separate legal entity". SMB further denies the allegation in paragraph 149 of the Counterclaim that USB filed a voluntary petition.  SMB, based on information and belief, believes that attorney Gene Choe, without the knowledge or consent of USB filed a pleading entitled "voluntary petition" under Chapter 7 of the Bankruptcy Code.

150. SMB responds to the allegations in paragraph 150 of the Counterclaim by stating that the court documents speak for themselves, and SMB does not need to admit or deny this allegation.

151. SMB responds to the allegations in paragraph 151 of the Counterclaim by stating that the court records speak for themselves, and SMB does not need to admit or deny this allegation.

152. SMB admits the allegations in paragraph 152 of the Counterclaim, except it denies the allegation that Shin signed the Petition.

153. SMB admits the allegations in paragraph 153 of the Counterclaim.

154. SMB lacks information sufficient to admit or deny the allegations in paragraph 154 of the Counterclaim, and on that bases denies said allegations.

155. SMB lacks information sufficient to admit or deny the allegations in paragraph 155 of the Counterclaim, and on that bases denies said allegations.

156. SMB lacks information sufficient to admit or deny the allegations in paragraph 156 of the Counterclaim, and on that bases denies said allegations.

157. SMB lacks information sufficient to admit or deny the allegations in paragraph 157 of the Counterclaim, and on that bases denies said allegations.

158. SMB lacks information sufficient to admit or deny the allegations in paragraph 158 of the Counterclaim, and on that bases denies said allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

159. SMB lacks information sufficient to admit or deny the allegations in paragraph 159 of the Counterclaim, and on that bases denies said allegations.

160. SMB lacks information sufficient to admit or deny the allegations in paragraph 160 of the Counterclaim, and on that bases denies said allegations.

161. SMB responds to the allegations in paragraph 161 of the Counterclaim by stating that the court's records speak for themselves, and SMB does not need to admit or deny this allegation.

162. SMB lacks information sufficient to admit or deny the allegations in paragraph 162 of the Counterclaim, and on that bases denies said allegations.

163. SMB responds to the allegations in paragraph 163 of the Counterclaim by stating that the court's records speak for themselves, and SMB does not need to admit or deny this allegation.

164. SMB responds to the allegations in paragraph 164 of the Counterclaim by stating that the court's records speak for themselves, and SMB does not need to admit or deny this allegation.

165. SMB responds to the allegations in paragraph 165 of the Counterclaim by stating that the court's records speak for themselves, and SMB does not need to admit or deny this allegation.

166. SMB lacks information sufficient to admit or deny the allegations in paragraph 166 of the Counterclaim, and on that bases denies said allegations.

167. SMB responds to the allegations in paragraph 167 of the Counterclaim by stating that the court's records speak for themselves, and SMB does not need to admit or deny this allegation.

168. SMB admits the allegations in paragraph 168 of the Counterclaim.

169. SMB lacks information sufficient to admit or deny the allegations in paragraph 169 of the Counterclaim, and on that bases denies said allegations.

170. SMB admits the allegations in paragraph 170 of the Counterclaim. Diamond was informed that SMB was not a debtor and that Diamond had improper possession of SMB's property, books, and records. Diamond refused to turn over the books and records as requested, and wrongfully refused access to them except for the limited purpose of preparing "schedules" and a "statement of financial affairs".

171. SMB responds to the allegations in paragraph 171 of the Counterclaim by stating that the court's records speak for themselves, and SMB does not need to admit or deny this allegation.

172. SMB responds to the allegations in paragraph 172 by stating that no such information was ever requested; that had it been requested, counsel for SMB would have pointed out to Diamond that any such information was already in Diamond's possession insofar as he wrongfully maintained custody of SMB's records; and that Diamond had refused SMB or its counsel access to SMB's records.  SMB denies the allegations in paragraph 172 of the Counterclaim in that the allegation is based upon the wrongful presumption that such information was ever requested.

173. SMB denies the allegations in paragraph 173 of the Counterclaim.

174. SMB responds to the allegations in paragraph 174 of the Counterclaim by stating that the court's records speak for themselves, and SMB has no need to admit or deny this allegation.

175. SMB responds to the allegations in paragraph 175 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

176. SMB responds to the allegations in paragraph 176 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

177. SMB responds to the allegations in paragraph 177 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

178. SMB admits the allegations in paragraph 178 of the Counterclaim to the extent that the key was provided sometime in June, but lacks information or belief as to the specific date.

179. SMB admits the allegations in paragraph 179 of the Counterclaim to the extent that the key was provided sometime in June, but lacks information or belief as to the specific date.

180. SMB denies the allegation to the extent it mischaracterizes SMB Group, Inc. as a "purported separate legal entity". Otherwise, SMB admits the allegations in paragraph 180 of the Counterclaim.

181. SMB admits the allegations in paragraph 181 of the Counterclaim.

182. SMB admits the allegations in paragraph 182 of the Counterclaim.

183. SMB admits the allegations in paragraph 183 of the Counterclaim.

184. SMB admits the allegations in paragraph 184 of the Counterclaim.  Having wrongfully denied access to SMB or its counsel of the books and records of SMB, which were wrongfully in possession of Diamond, SMB was unable to provide any other information.

185. SMB responds to the allegations in paragraph 185 of the Counterclaim by stating that it is unaware of the motivation as to why Diamond refused to grant SMB, as the debtor, possession of, or access to, its documents and property, but it admits the remaining portion of paragraph 185 of the Counterclaim.

186. SMB denies the allegation to the extent it mischaracterizes SMB Group, Inc. as a "purported separate legal entity". Otherwise, SMB admits the allegations in paragraph 186 of the Counterclaim.

187. SMB responds to the allegations in paragraph 187 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

188. SMB responds to the allegations in paragraph 188 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

189. SMB responds to the allegations in paragraph 189 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

190. SMB responds to the allegations in paragraph 190 of the Counterclaim by stating that the court's records speak for themselves, and SMB need not admit or deny this allegation.

1    191. SMB admits the allegations in paragraph 191 of the

2  Counterclaim.

3              **RESPONSE TO FIRST COUNTERCLAIM FOR RELIEF**

4                    **(MONEY DAMAGES FOR FRAUD)**

5    192. In response to paragraph 192, SMB incorporates by

6  reference, as if fully set forth herein, its responses contained

7  in paragraphs 1-72, inclusive.

8    193. SMB denies the allegations in paragraph 193 of the

9  Counterclaim.

10   194. SMB denies the allegations in paragraph 194 of the

11 Counterclaim.

12   195. SMB denies the allegations in paragraph 195 of the

13 Counterclaim.

14   196. SMB denies the allegations in paragraph 196 of the

15 Counterclaim.

16   197. SMB denies the allegations in paragraph 197 of the

17 Counterclaim.

                    **FIRST AFFIRMATIVE DEFENSE**

18                        **(PRIVILEGE)**

19   198. Counter-defendant alleges that the conduct attributed

20 to the Counter-defendant in its Counterclaim constituted a

21 communication made in the course of a judicial or quasi-judicial

22 proceeding, by a participant in the proceeding, for the purpose

23 of achieving the object of the litigation. The statement also had

24 a logical relation to the action. Therefore, defendant's actions

25 were absolutely privileged pursuant to Section 47(b) of the

26 California Civil Code.

27 ///

28 ///

**SECOND AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

199. As an individual, Diamond lacks standing to pursue any claims as against the Counter-defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(NO RELIANCE)**

200. Diamond did not reasonable rely on any representations by Counter-defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

201. The Counterclaim, and each and every claim for relief therein, fail to state a cause of action against the Counter-defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

202. The Counterclaim, and each and every claim for relief therein, are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(MISCONDUCT BY DIAMOND)**

203. Diamond's misconduct, including, but not limited to, depriving the Counter-defendant of a reasonable opportunity to review its books and records in a timely manner and improperly ignoring instructions to timely turn-over the Counter-defendant's property, constitutes negligent and/or willful misconduct on the part of Diamond.  Damages, if any, sustained by Counter-=claimant were, therefore, proximately caused by the conduct of Diamond.

///

///

///

**EIGHTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

204. The Counterclaim, and each and every claim for relief therein, are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

205. By reason of his own acts and conduct, Counterclaimant is estopped from asserting its first claim for relief for fraud.

**TENTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

206. By reason of his own acts and conduct, Counterclaimant has waived the right to assert the first claim for relief for fraud.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(ACTS OF OTHERS)**

207. If Counter-claimant suffered any loss, damage, or detriment in any manner or amount whatsoever, which Counter-defendant denies, such loss, damage or detriment was caused in whole or in part by the acts and conduct of persons other than the Counter-defendant over which Counter-defendant had no control.  Any award of damages to plaintiff must be allocated in proportion to the fault of each such other person.

**TWELFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO TIMELY ASSERT/WAIVER & RELEASE)**

208. Counterclaimant, as the temporary and permanent Trustee in *In re Union Trim, Inc.* (2:11-bk-19513-BR); and *In re USB* (2:11-bk-19514-PC), had at his disposal an array of remedies, including, but not limited to, Rule 11 Sanctions, that Counterclaimant could, had he considered the Counter-defendant's

1   conduct to so merit, filed and pursued as the Trustee.

2   Counterclaimant did not do so, and has thereby waived and

3   released any potential claims arising our of *In re Union Trim,*

4   *Inc.* (2:11-bk-19513-BR); and *In re USB* (2:11-bk-19514-PC).

### THIRTEENTH AFFIRMATIVE DEFENSE

### (SUPERSEDING CAUSE)

7       209. If Counterclaimant suffered any damage, detriment, or

8   loss, which Counter-defendant denies, such loss, detriment, or

9   damage was caused in whole or in part by superseding and

10  intervening causes over which the Counter-defendant had no

11  control.  Any award of damages must be allocated in proportion to

12  the loss, detriment, or damage caused by such superseding or

13  intervening cause(s).

14  **WHEREFORE,** Counter-defendant SMB Group, Inc., pray for

15  judgment on the Counterclaim as follows:

16  1. That Counterclaimant take nothing by way of its Claim for
        Relief asserted in the Counterclaim;

17  2. For its costs of suit herein;

18  3. For its attorneys' fees in a sum according to proof at
        trial; and

19  4. For such other and further relief as the Court deems just
        and proper.

DATED:  May 24, 2013        LAW OFFICES OF DAVID A. TILEM


                            By: *Michal Avanu— for*
                            _____
                            KEVIN S. LACEY
                            Attorneys for SMB GROUP, INC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**206 North Jackson Street, Suite 201, Glendale CA 91206**

A true and correct copy of the foregoing document entitled (*specify*):    **SMB GROUP, INC.'S ANSWER TO
COUNTERCLAIMS OF RICHARD K. DIAMOND** will be served or was served (a) on the judge in chambers in the form
and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**5/24/13**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Howard Kollitz    HKollitz@DGDK.Com, DanningGill@gmail.com
- Kevin S Lacey    klacey@lddlaw.net,
  kevinlacey@tilemlaw.com;malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com
- David B Lally    davidlallylaw@gmail.com
- Steven J Schwartz    sschwartz@dgdk.com, DanningGill@gmail.com
- David A Tilem    davidtilem@tilemlaw.com,
  malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **5/24/13** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/24/2013 | Malissa Murguia | *Malissa Murguia* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**